The affidavits read at General Term on the motion to dismiss the appeal show that after the decision of the court at Special Term sustaining the defendants' demurrer to the complaint, a parol agreement was made between the attorney-general and the counsel for the defendants that no *Page 309 
further proceedings should be taken in the action, but the same should be considered at an end and finally disposed of; and that no claim for costs should be made on the part of the defendants.
It further appears that this arrangement was entered into in the month of June, 1870, in view of the fact that the counsel for the defendants, who was also their attorney and had charge of the case, was about entering upon the duties of the office to which he had recently been elected, the term of which office commenced in July following. That he informed the attorney-general that if any appeal was contemplated he desired to place the cause in proper hands, as he was going out of the practice.
It further appears that in consequence of the arrangement, and relying upon it, the defendants' attorney and counsel omitted to take any further steps in the action, and notified the defendants that it was finally disposed of, and they, thereafter, under the direction of the canal board and the canal commissioners in charge, went on and performed the contract to set aside which this action was brought, and the same has been closed up and settled.
None of these facts are controverted by the appellants.
No steps were taken by the late attorney-general after the arrangement, and he deposes that he regarded the action as at an end. But in April, 1872, his successor, the present attorney-general, took the appeal now in question from the order of June, 1870, sustaining the defendants' demurrer.
No written notice of the entry of this order had been served. The appeal was, therefore, technically in time. But the General Term had power, notwithstanding, to determine whether the case was properly before it, and to dismiss the appeal if brought in violation of the agreement of the parties. (Townsend v. TheMasterton Stone Dressing Co., 15 N.Y., 587.)
The agreement disclosed by the moving papers was, if valid, a clear waiver of any appeal, and a final disposition of the case. I think the attorney-general had power to enter *Page 310 
into such an agreement in the present case. The act under which this action was brought (Laws of 1868, chap. 869, p. 2074) authorizes the attorney-general to bring and maintain such actions as he may deem advisable for the purposes mentioned in the act; he was thus vested with full discretion to determine whether or not to bring or maintain the action. No other officer of the State was intrusted with any power in respect to it. Under these circumstances, after a decision in the action adverse to the State, the attorney-general had the right and power to determine whether to acquiesce in such decision or to appeal. Having determined to acquiesce, if by entering into a stipulation to proceed no further he could procure from the adverse party a waiver of all claim for costs, and thus save expense to the State, such an arrangement, if made in good faith, should be sustained. It is said that in this case no costs were waived, because none were granted by the order; but it does not appear that the question of costs had been presented or considered, or passed upon by the court, or that the judge had approved of the form. The order was prepared by the attorney-general, and he procured it to be signed by the clerk, the decision having been announced on the argument. In such a case the defendants' counsel would have been at liberty to move to amend the order by the insertion of costs, had he not stipulated to waive all claim for costs, and this is conceded by the request made by the attorney-general that the defendants should waive all claim to costs. This, however, is not the controlling point in the case. The main objection (apart from the question of power) raised by the present learned attorney-general is, that the stipulation of his predecessor not being in writing, was, under rule 16 of the Supreme Court, not binding. This is an ancient rule, dating as far back as 1796, and has frequently been construed. And it has been held that where an oral stipulation or representation has been acted upon, the party making it is not permitted to retract and take advantage of acts or omissions of his adversary thereby induced. The rule has been held not to govern such cases. *Page 311 
(Gaillard v. Smart, 6 Cow., 382; Turner v. Burrows, 1 Hill, 627; Montgomery v. Ellis, 6 How., 325.) In this case the agreement was clearly proved and not controverted. It was made with express reference to the retirement from practice of the attorney and counsel who had charge of the case, and was intended by both parties to govern his future action in the case. He announced his intention to place the case in proper hands if any appeal was contemplated. By the assurance there would be no appeal and the agreement that no further steps should be taken in the case, he was induced not only to waive all claim for costs, but to omit all further proceedings, and to throw his clients off their guard by informing them that the case was ended. But for this assurance and the agreement the presumption is that he would have pursued the ordinary course and given the usual notice limiting the time to appeal, which time would have expired long before the proceedings taken by the present attorney-general to revive the litigation. By the agreement the defendants were induced to omit that formality. The agreement was intended to have that effect. It purported to end the litigation. Good faith requires that no advantage should be taken of an omission thus caused, and that the verbal agreement, which is not disputed, having prevented the defendants from cutting off the appeal by notice, should be deemed as effectual a waiver of the right to appeal as if evidenced by a writing.
This consideration was sufficient to authorize the Supreme Court, in its discretion, to dismiss the appeal taken nearly two years after the parol waiver. It is not necessary, therefore, to consider the effect of the action of the canal board and commissioners in going on with the contract after the decision on the demurrer, nor of the provisions of the act of 1870.
The appeal should be dismissed, without costs.
ALLEN, FOLGER and ANDREWS, JJ., concur; PECKHAM and GROVER, JJ., dissent; CHURCH, Ch. J., not sitting.
Appeal dismissed. *Page 312