## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK agt. WILLIAM C.
STEPHENS and THOMAS GALE.

*Motion by plaintiffs to vacate a judgment on demurrer.*

Where an order is entered at special term for the defendants on demurrer,
in an action to set aside a contract for fraud, and it is arranged and
agreed between the counsel for the respective parties that the defend-
ants shall waive the costs in the action, and the plaintiffs would not
appeal from the decision, and "that no further proceedings should be
taken in the action, but the same should be considered at an end and
finally disposed of," such agreement does not preclude the defendants
from entering and filing a judgment roll upon the decision.

Where the order was entered in the minutes of the court "judgment for
the defendants upon their demurrer," but was stated in the judgment
roll "judgment for the defendants upon their demurrer *upon the issues
thereby joined:*" *Held,* that the plaintiffs were entitled to have the judg-
ment roll modified, according to the entry of the decision in the
minutes.

*Albany Special Term, April,* 1876.

MOTION by plaintiffs to vacate a judgment.

*E. W. Paige & Matthew Hale,* for plaintiffs.

*Hiscock, Ruger & Henry Smith,* for defendants.

WESTBROOK, *J.*— This action was commenced in Novem-
ber, 1868, by Mr. Marshall B. Champlain, then attorney-
general, under chapter 569 of the Laws of 1868, to annul a
contract, made by the state with Stephens and assigned to

Gale, to keep in repair section one of the Erie canal for the period of five years from January 1, 1867, and to do certain dredging in the Albany basin, upon the ground of fraud; and also to recover the damages which the state had sustained by the making of the contract, in addition to the moneys which it had paid in execution thereof, which were in excess of all benefits received thereunder.

The defendants demurred to the complaint, alleging as grounds thereof: "First. That there is a defect of parties defendant, viz.: That the persons alleged to have combined and confederated with said defendants should have been named, and should have been made parties defendant. Second. That several causes of action have been improperly united. Third. That the complaint does not state facts sufficient to constitute a cause of action."

The demurrer was argued at the Albany special term, on June 2, 1872, Mr. justice MILLER presiding, by Mr. Champlain, attorney-general, for the plaintiffs, and Mr. Sanford E. Church for the defendants, and upon a decision then made, sustaining the demurrer, an order was on the same day (June 2, 1870) entered, providing: "That judgment be given for the defendants upon said demurrer, with leave to the plaintiff to amend in twenty days, upon payment of costs." The original order produced on the motion and the minutes of special term show the actual entry of the order upon the day stated.

In April, 1872, the then attorney-general, Francis C. Barlow, appealed to the supreme court at general term, which appeal was dismissed by the court in May, 1872. On appeal to the court of appeals from the order of the general term dismissing the appeal, such order of dismissal was sustained.

On April 5, 1876, a judgment roll was filed, which contains a judgment reciting the decision of the special term of June 2, 1870, the appeal to the general term, and the dismissal thereof, and the aforesaid affirmance thereof in the court of appeals, and ordering and adjudging "that judgment

be and the same is hereby had in that action for and in favor of defendants aforesaid, upon their demurrer, and the issues thereby joined in this action, and against the plaintiff, without costs." The plaintiffs now move to set aside said judgment mainly on two grounds: First. That the cause was settled on June 2, 1870, and it was then agreed that no further proceedings should be taken therein, and that the act of filing the judgment roll was a violation of such agreement, upon the faith of which the general term had refused to entertain the appeal, and in which refusal it had been sustained by the court of appeals. Second. That the judgment is not warranted by, and is broader than, the order of June 2, 1870, sustaining the demurrer. The points made will be discussed and considered in the order just stated.

The validity of the first point, of course, depends upon the terms of the agreement made in June, 1870, which, and the conduct of the parties under it, were certainly efficacious to end that litigation. But though the stipulation then made arrested, and was effectual to prevent a review of the decision of the special term, it does not necessarily follow that the agreement went so far as to provide that the effect of the decision of the special term upon the rights of the parties was abandoned; and it is now urged by the defendants, that so far from surrendering any rights acquired by the decision, the parties agreed to be bound by it and regard it as final. It is also further urged that the court of appeals sustained the dismissal of the appeal by the general term, upon the ground, not that the parties had agreed to abandon and surrender the rights acquired by the decision of the special term, but because they had agreed to acquiesce in the order made, and regard that as finally establishing and settling their rights.

Both Mr. Champlain and Mr. Church made an affidavit upon the motion at general term, and no other was read. The former states that immediately after the result of the demurrer was announced by the special term, the counsel

of the defendants, Mr. Church, who had just been elected chief judge of the court of appeals, asked him if he (Mr. Champlain) "designed to appeal said action, as, if any appeal was contemplated, he desired to place the case in proper hands, as he was going out of practice;" to which question the attorney-general replied that "he did not intend to appeal from such decision, and that the considerations which induced deponent so to conclude were that the act aforesaid" (meaning chapter 55 of the Laws of 1870, to which reference had been made in the affidavit, as controlling the opinion of the judge rendering the decision), "furnished a remedy, by empowering the canal board to annul such contract, and settle with the contractor, which was quite as prompt and effectual a remedy as by action; and, further, deponent was not so clear in his opinion as to the correctness of such decision as to feel justified in appealing therefrom." Mr. Champlain further said that "while he remained in office he did not take any steps to appeal from such decision, and regards the action as at an end." Mr. Church swears that Mr. Champlain informed him "that he should not appeal or take any further steps in the action, as stated in his affidavit, and requested deponent to waive any claim for costs, and it was then arranged between said Champlain and deponent that no claim for costs should be made, and no further proceedings should be taken in the action, but the same should be considered at an end and finally disposed of."

Very evidently the affidavit of Mr. Champlain indicates no settlement which goes any further than a promise, or rather an announcement by him, in response to a question asking his further intentions as to the suit, that he should not appeal, because he had a better remedy through the canal board, and also because he had not sufficient confidence as to the incorrectness of the decision just made to justify an appeal. It is claimed, however, that the affidavit of judge Church goes further, and establishes that the parties agreed "that no further proceedings should be taken in the action,"

and that this prevented the filing of the roll, because that act is "a proceeding in the cause." This, it seems to me, is a strained and not a natural conclusion from his words. It places an undue force upon the expression "that no further proceedings should be taken in the action," and does not construe it in connection with the entire affidavit, and with that of Mr. Champlain, who states the same understanding. Mr. Church first says that Mr. Champlain informed him "that he should not appeal, nor take any further steps in the action, as stated in his affidavit," and then, upon the promise of Church that he would waive all claim for costs, it was agreed that "no further proceedings should be taken in the action, but that the same should be considered at an end, and finally diposed of." A disposition of the cause had just been reached, the parties agree that that disposition shall be final, and consequently no "further proceedings" were to be taken. When parties agree that a decision just announced shall be final and end the suit, what do they mean when they also say "no further proceedings shall be taken in the action?" Do they mean that no record shall be made up showing what had been done up to the time they agreed that the litigation should stop, and the conclusion reached be final? Nay, if the parties agree that a decision just made shall not be appealed from, but that by force of it, the action shall "be considered at an end and finally disposed of," do they mean when they also say, that "no further proceedings" shall be had, any thing more than that no further step in furtherance of the objects of the action shall be taken? And does not the agreement itself require that the judgment announced by the court, and by which they are to abide, shall be solemnly made up and placed in record form? It seems to me that this is the natural and plain meaning of judge Church. He does not pretend that his client waived or surrendered any right except that to costs, but on the contrary explicitly declares that he received a positive assurance that there would be no appeal, and that it was agreed the

action "should be considered at an end, and finally disposed of."

The construction which has been given to the affidavit is the same which the court of appeals gave. Judge RAPALLO (52 *N. Y.*, 306), in delivering the opinion of that court evidently so treats it. On page 310 (52 *N. Y.*), he says : " The attorney-general had the right and the power to determine whether to *acquiesce* in such decision or to appeal ; " and he also speaks of his " having determined to *acquiesce.*" On page 311 he says, the agreement " purported to end the litigation," and was, under the circumstances which he details, " as effectual a waiver of the right to appeal as if evidenced by a writing."

Having reached the conclusion that the agreement of the parties was not that the results of the suit up to the time of the making thereof should be surrendered, but that they should be conclusive and end further litigation, I do not see how the making up of the record and its filing, violated any understanding of the parties. It was no proceeding in the action, in the sense in which the parties used that expression. What had been done was thereby simply preserved and evidenced for all future time. No forward step was thereby taken. It simply ended the action at the point where the parties agreed it should terminate, or, to use language of judge Church, "finally disposed of" it. Without this record evidence the agreement of the parties would be always menaced. They had agreed to be concluded by a decision made, and the act of making up the record simply puts them where they agreed to be, estopped by a judgment which had been pronounced and which was evidenced by an actual order, and the roll itself forever preserves that by which they agreed to abide.

There is, also, as it seems to me, another answer to this motion. After the alleged settlement and agreement to discontinue all further proceedings in the action (stating the transaction as the plaintiffs claim it), the plaintiffs sought by

appeal to reverse the order sustaining the demurrer. The result of that appeal was its dismissal by the general term for the reasons hereinbefore stated, and on appeal to the court of appeals from the order of dismissal, such order was affirmed. All this subsequent action was initiated by the plaintiffs, and to the record evidence of it, preserved in the form of a roll, the defendants were clearly entitled. If the plaintiffs succeed on this motion the proceedings subsequent to the settlement are not collected and preserved in the form the code contemplates, a judgment roll; and, as they were all after the stipulation upon which the plaintiffs rely, and were made necessary by their own violation of its terms, they have no right to complain that the defendants have made a record of such subsequent proceedings. That record would be unintelligible without the insertion therein of the original order of the special term, and to make it full and complete the various appeals therefrom, and the action of the appellate tribunals had to be stated. No reason occurs to me, even if the view of the plaintiffs of the original agreement is correct, why the record should be obliterated, containing as it does, the history of after-occurring events.

Upon the other point made upon this motion, the plaintiffs should so far prevail as to modify the judgment. The demurrer was upon three grounds, and the order of June 2d, 1870, simply gave judgment "for the defendants upon their demurrer." It fails to say, as the judgment does, "upon the issues thereby joined." I am aware that the counsel for the defendants argue that a general judgment upon a demurrer necessarily covers every issue presented by it, and that therefore the judgment and order are not in conflict. I do not say that this position is unsound. The counsel for the plaintiffs dispute it. If the counsel for the defendants are right, the conformity of the judgment to the order will work no prejudice; if they are wrong, however, the plaintiffs are seriously injured, because the record which is to be used as evidence upon a trial, now actually in progress, must for that

People agt. Stephens.

purpose be effectual as it reads, as there will be no time to correct it by appeal from this decision, nor can the result of this motion be remedied by an appeal in the action in which the record is to be used as evidence. The judgment will be so amended as to use the language of the order.

NOTE.—Suppose the agreement of the counsel on the settlement of this action had stated "that no further proceedings should be taken in the action, *to the prejudice of either party*," would not the making up and docketing of a judgment roll upon the decision of the special term some four years after it was made, for the purpose of setting up the judgment as a bar to another action brought by the plaintiffs for the same cause, most seriously prejudice the plaintiffs, as the decision at the special term could not be interposed as such bar, being an order for judgment merely? It would seem that the actual agreement made is not only stronger than the one above supposed, but is absolute in its terms, which was so held by the general term and the court of appeals, denying the plaintiffs' right to appeal as being a violation of it.—[REP.