## AUBURN SAVINGS BANK, PLAINTIFF, *v.* JACOB BRINKERHOFF, DEFENDANT.

*Savings bank — investment of funds — assignment of a bond and mortgage to secure the payment of a note — to constitute a discount there must be a reservation of interest — when an obligor cannot defend an action upon his bond on the ground that the loan was unauthorized — evidence, when inadmissible as relating to a personal transaction with a deceased person — who is to be deemed an assignee of the deceased within section 829 of the Code of Civil Procedure — verbal stipulation, when enforced.*

This action was brought upon a bond executed by the defendant to David Brinkerhoff and Albert H. Goss, on or about December 16, 1873, conditioned for the payment of the sum of $3,400 on June 1, 1875, with interest semi-annually. Upon the trial it appeared that the bond and a mortgage on real estate, collateral thereto, executed by the obligor to the obligees, were assigned to the plaintiff, a savings bank, as security for the payment of two promissory notes made by the assignors to the defendant, and indorsed by him, one for $1,000, dated December 1, 1873, the other for $2,400, dated December 20, 1873, each payable June 1, 1875, with interest semi-annually.

The defendant set up as a defense that the notes were discounted by the bank in violation of the provisions of the restraining act (1 R. S., 600, § 4; Id, 712, § 3), and were, together with the bond and mortgage assigned as collateral thereto, void.

*Held,* that as it was shown that the full face of the notes was advanced by the bank, and nothing was reserved, the notes were not discounted.

*City Bank of Columbus* v. *Bruce* (17 N. Y., 507, 515); *Rome Savings Bank* v. *Kramer* (32 Hun, 270, 272) followed.

It was shown that the real estate described in the mortgage was covered by eight prior mortgages, and it was not shown that any committee had made a report as to the value of the premises to be mortgaged as is required by the statute.

*Held,* that these facts were not available to the defendant, as a defense to this action, upon his bond.

*The Union Gold Mining Company* v. *The Rocky Mountain National Bank* (96 U. S. R., 640); *National Bank* v. *Matthews* (98 id., 621), *National Bank* v. *Whitney* (103 id., 99) followed.

That a claim that the loan made was a violation of the statutes prohibiting savings banks from making loans on notes, bills of exchange or other personal security, could not be sustained as the loan was made upon the security of the bond and mortgage as well as upon the notes; and that as the loan was valid as to the bond and mortgage, it was not vitiated by the fact that the notes were also taken.

The defendant, who claimed that he executed the bond and mortgage and indorsed the note for the accommodation of Goss and Brinkerhoff, alleged that he was a mere surety for Goss and Brinkerhoff, to the knowledge of the plaintiff, and that the plaintiff neglected to collect the debt from the principal debtors while it could, and after a request so to do by the defendant, and that thereafter the principal debtors became insolvent.

The only evidence given upon the trial to show that the defendant was a surety for Goss was his own testimony, he being permitted, after the death of Goss, against the objection and exception of the plaintiff's counsel, to answer the following questions, viz.: "At the time you indorsed that note, or at the time you executed the bond and mortgage, did you receive anything for it?" "Did you ever receive any money upon this note, or mortgage or bond, from anybody?"

*Held,* that the question called for an answer which related to a personal transaction between the defendant and Goss, and that to receive it was error.

*Comstock* v. *Hier* (73 N. Y., 280); *Kale* v. *Elliott* (18 Hun, 198) distinguished.

That the plaintiff was an assignee of Goss within the meaning of that term as used in section 829 of the Code of Civil Procedure.

*Comstock* v. *Hier* (*supra*) distinguished.

That declarations made by the defendant to the treasurer of the plaintiff, orally and in writing, as to his relations to the debt, were not competent in his behalf to show that he was a surety.

That, even if he was a surety for Goss, his defense would fail, as it appeared by his own stipulation that Goss was insolvent at the time the plaintiff was requested to prosecute him.

When a party will be concluded upon the trial of an action by a stipulation as to the existence of a fact, although such stipulation is not in writing.

MOTION by the plaintiff for a new trial on exceptions taken at the Cayuga Circuit and ordered to be heard at the General Term in first instance.

*W. E. & F. E. Hughett*, for the plaintiff.

*Wooden & Warren*, for the defendant.

SMITH, P. J. :

Action on a bond executed by the defendant to David Brinkerhoff and Albert H. Goss, on or about 16th December, 1873, and by them assigned to the plaintiff, conditioned for the payment of the sum of $3,400, on the 1st day of June, 1875, with interest semi-annually.

It appears that the bond was accompanied by a mortgage on real estate, of even date with the bond and collateral thereto, executed by the obligor to the obligees, to the plaintiff, as security for the payment of two promissory notes made by the assignors to the order of the defendant and indorsed by him, one for $1,000, dated 1st December, 1873, the other for $2,400, dated 20th December, 1873, each payable 1st June, 1875, with interest semi-annually. The notes and the bond and mortgage were transferred and delivered to the plaintiff in consideration of the loan of $3,400, in money, made by the plaintiff, and as security for the repayment thereof. The assignment of the bond and mortgage to the plaintiff contained a covenant that there was then to become due thereon the sum of $3,400, with interest from their date. The plaintiff is a savings bank, incorporated under chapter 92, Laws of 1849.

The defenses set up in the answer and relied upon at the trial are, first, that the defendant executed the bond and mortgage and indorsed the notes without consideration and for the accommodation of Goss and David Brinkerhoff, and that the notes were discounted by the plaintiff, a savings bank, in violation of the statute, and, consequently, the notes and the bond and mortgage which were assigned to the bank, solely as collateral security for the payment of the notes, are void; and, secondly, that the defendant was a mere surety of Goss and David Brinkerhoff, to the knowledge of the plaintiff, and the plaintiff neglected to

collect of them while it could, after request by the defendant, and the principal debtors thereafter became insolvent.

In support of the first defense, it is contended by the defendant's counsel, that the transaction on the part of the savings bank was a discounting of the notes, which by the provisions of the restraining act (1 R.. S., 600, § 4; Id., 712, § 3) it was prohibited from doing. But it does not appear that the notes were discounted. Discounting of a note by a bank has been held to mean lending money upon the note and deducting the interest or premium in advance. (*City Bank of Columbus* v. *Bruce*, 17 N. Y., 507, 515; *Rome Savings Bank* v. *Kramer*, 32 Hun, 270, 272.) It appears by the uncontradicted testimony of the plaintiff's treasurer that the full face of the notes was advanced by the bank and nothing was reserved. The defendant's counsel also contends that the loan made by the plaintiff was a violation of the statutes prohibiting savings banks from making loans on notes, bills of exchange, or other personal securities. (Laws 1875, chap. 371, § 30; Laws 1882, chap. 409, § 260.) That position is untenable, for the reason that it appears without contradiction that the loan was made upon the three securities, the notes, the bond and the mortgage. The plaintiff was authorized to lend on bond and mortgage, and if the loan was in other respects valid, it was not vitiated by the fact that notes were taken in addition to the bond and mortgage.

Upon this branch of the case another question arises. The charter of the plaintiff provides that its funds or deposits may be loaned * * * on improved, unincumbered real estate, in this State, worth, exclusive of buildings thereon, at least double the amount to be secured thereby. (Laws 1849, chap. 92, § 7.) The general statutes, relating to savings banks, also require that the real estate upon which loans might be made should be "unincumbered." (Laws 1875, chap. 371, § 26, sub. 5; Laws 1882, chap. 409, § 260, sub. 5.) It is proved that the mortgage in this case was upon real estate which was covered by eight prior mortgages; and it is not shown that there was a compliance with the statutory requirement, that no investment in bond and mortgage shall be made by a savings bank, except upon the report of a committee, etc., who shall certify to the value of the premises mortgaged.

(Id.) But are these facts available to the debtor as a defense to an action upon his bond ? The bank has power, as we have seen, to make loans upon bond and mortgage. The provisions requiring the mortgage to be a first lien, and the value of the mortgaged premises to be certified, are intended for the protection of depositors and others whose funds are held and managed by the bank as trustee. The statute does not declare that non-compliance with those provisions shall render the bond and mortgage void. Nor is there anything in the statute to indicate that a result so hostile to the interests of *cestuis que trust,* creditors of the bank, was intended. In *Davis Sewing Machine Company* v. *Best* (30 Hun, 638), it was held that a security taken by a trust company, contrary to an implied prohibition in its charter, upon a loan made by it, could be enforced for the benefit of the depositors of the company, notwithstanding the prohibition. In *The Union Gold Mining Company, etc.,* v. *The Rocky Mountain National Bank, etc.* (96 U. S. R., 640), it was held that a person who has borrowed money from a bank and failed to pay it, cannot make the defense, when sued for it, that the bank had no right to loan the money. (See, also, *National Bank* v. *Matthews,* 98 U. S. R., 621; *National Bank* v. *Whitney,* 103 id., 99.) We think the irregularities, above pointed out, do not furnish a defense to the bond.

In regard to the other defense we do not think it is shown that the defendant executed the bond as the surety of the obligees. On the contrary, the inference to be drawn from that instrument is that he was their debtor. If the form of the note raises the presumption of suretyship it is not conclusive, and is overcome by other evidence in the case. The defendant admitted on the stand that he was not a surety for David Brinkerhoff, and David testified that he never had a penny of the loan, and was surety for the defendant. He also testified that he signed the $2,400 note at the request of the defendant, who stated that he was in need of money and asked David to go security with Goss for $3,400, and promised to give them a bond and mortgage. David consented, and in pursuance of that arrangement the papers were drawn and executed. That testimony was not controverted by the defendant, although he was put upon the stand after it was given.

Upon the question whether the defendant was surety for Goss,

the only oral testimony is that of the defendant. Its admissibility is questioned by the plaintiff's counsel. It was proved that Goss was dead. Subsequently the following questions were put to the defendant, as a witness in his own behalf, to wit: "At the time you indorsed that note, or at the time you executed the bond and mortgage, did you receive anything for it?" "Did you ever receive any money upon this note, or mortgage, or bond, from anybody?" Each question was objected to, as incompetent, under section 829 of the Code; the objection was overruled, an exception was taken, and the witness answered, "No." The only legitimate tendency of the testimony thus elicited was to show that the defendant was not a principal debtor, and was a surety in the transaction. The questions being general, embraced, of course, his dealings with Goss, in respect to this transaction. To that extent, it seems to us, they were within the prohibition of the section. The testimony related to a personal transaction between the defendant and Goss, then deceased, who was one of the assignors of the plaintiff, and its reception was error.

The learned counsel for the defendant invokes the rule declared in *Comstock* v. *Hier* (73 N. Y., 280) and *Kale* v. *Elliott* (18 Hun, 198), that the death of one of two persons jointly interested does not render a party incompetent to testify to transactions with the decedent, at which the survivor was present, or to transactions with the survivor. The questions objected to went beyond that rule, they being so broad as to cover transactions with Goss, at which no third person was present, and the defendant, by his answers to them, was permitted to say, in effect, that he never received any consideration for signing the papers from Goss, either alone or jointly with David Brinkerhoff.

It is also contended by the defendant's counsel that the plaintiff is not an assignee within the meaning of section 829. *Comstock* v. *Hier* (*supra*) is cited as authority for that position also. It was there said that a maker of a note, or acceptor of a bill, negotiating his own paper, or procuring it to be discounted, is not an assignor of the note or bill, but by the transaction assumes the ordinary obligations of a party to negotiable paper, as maker of a note or acceptor of a bill. If this action were upon the notes, and it appeared that they had their inception when they were delivered

to the bank, the rule referred to would be applicable. The action is on the bond, which, for aught that appears in the case by legitimate evidence, is presumed to have been a valid instrument in the hands of the obligees therein named, and which is admitted by the defendant, in his answer, to have been executed and delivered to said obligees, and to have been assigned and transferred to the plaintiff.

As the testimony above considered was improperly received, there is no legitimate evidence in the case that the defendant was the surety of Goss, and as the defendant admitted on the stand that he was not the surety of David Brinkerhoff, the defense founded on the alleged suretyship fails. The declarations made by the defendant to the treasurer of the plaintiff, orally and in writing, as to his relations to the debt, are not competent in his behalf to show that he was a surety. If it be assumed that the defendant was a surety, yet as in view of his admission already referred to, he is to be regarded as the surety of Goss only, his defense fails for another reason. The printed case shows that during the progress of the trial, the plaintiff's counsel stated to the court that Mr. Cox, one of the counsel for the defendant, had stipulated orally, before the trial was begun, that at the time when the request to prosecute was made, Goss was insolvent, and that consequently he, the plaintiff's counsel, was not prepared with evidence upon that question, to which Mr. Cox assented. The case proceeds to state that consequently no further evidence was given on the subject of Goss' insolvency. If this statement in the case has any practical significance (and it is to be presumed that if it had none it would have been struck out), it is equivalent to saying that before the trial the defendant's counsel stipulated orally that Goss was insolvent when the request was made, and that the plaintiff's counsel, relying on the stipulation, omitted to produce evidence of the fact which was within his reach, or went to trial supposing that the fact would not be questioned. And it does not appear that the fact was questioned by the defendant's counsel. In those circumstances, we think, the defendant was bound by the stipulation, although it was not in writing (*People* v. *Stephens*, 52 N. Y., 306), and that for the present purpose the fact is to be assumed to be as stipulated. In that view of the case, the defendant suffered no harm from the plaintiff's omission to sue.

For these reasons, we think a new trial should be ordered, costs to abide event.

HAIGHT and BRADLEY, JJ., concurred; BARKER, J., not voting.

Motion for new trial granted, costs to abide event.