[Sac. No. 63. Department Two.—May 13, 1896.]

RECLAMATION DISTRICT No. 535 OF SACRA-MENTO COUNTY, RESPONDENT, v. J. H. HAMIL-TON, APPELLANT.

NEW TRIAL—SUFFICIENCY OF PROPOSED STATEMENT—SKELETON STATE-MENT.—A proposed statement, on motion for new trial, should be a fair one, but nothing should be inserted therein in extenso but that which is pertinent to the questions made by the moving party, and necessary for their proper consideration, and a proposed statement should not be rejected because it contains reference to documentary evidence, with the remark "[here insert]," notifying the opposite party that it is to be-come part of the statement; and though such reference in an engrossed statement would render it a skeleton statement, a proposed statement is not to be rejected, or settlement thereof refused on that account.

ID.—EXTENSION OF TIME—STIPULATION—JURISDICTION OF COURT.—An extension of time to prepare and serve a proposed statement by stipu-lation of the parties does not affect the jurisdiction of the court to

·extend the time for a period of thirty days from the expiration of the stipulated time.

ID.—CONSTRUCTION OF STIPULATION—WAIVER OF MOTION.—A stipulation extending time to the defendants to prepare, serve, and file their proposed statement, agreeing that defendants will use their utmost endeavors to have the statement of the case settled by the judge, and will, at as early a day as possible, have their transcript on appeal printed, is not to be construed as an agreement that they would waive their right to prepare the statement and move for a new trial, if ·they failed to serve their statement by the day named in the stipulation.

ID.—FORM OF ORDER EXTENDING TIME—IMMATERIAL ERROR IN DESCRIPTION.—An order made after the time had been extended by stipulation to prepare a "statement on motion for new trial," which erroneously designates a further extension of time as being "to prepare, serve, and file their statement of the case, and affidavits on appeal to the supreme court," could not mislead the opposite party, and errors which do not mislead must be disregarded.

ID.—"FILING" OF PROPOSED STATEMENT—CONSTRUCTION OF STIPULATIONS AND ORDERS.—Stipulations and orders, including an extension of time to "file," as well as to prepare and serve the proposed statement, are not to be construed as intended to require that the proposed statement should be filed before it was settled, or that it should be settled and filed within the time limited for its preparation and service.

ID.—FAILURE TO FILE STIPULATIONS AND ORDERS—CONSENT TO OMIT FILING.—The failure to file stipulations and orders extending the time to prepare and serve a statement· of the case until shortly before the hearing of the motion cannot be urged as a ground for dismissing the motion, where the counsel for the opposite party stipulated that orders and stipulations extending time need not be filed.

ID.—CONSTRUCTION OF CODE.—Section 283 of the Code of ·Civil Procedure, authorizing an attorney to bind his client by agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise, is to be construed as referring to executory agreements, and not to those which have been wholly or partly executed, or under which it would be inequitable to insist that the stipulation was invalid.

ID.—SERVICE OF STATEMENT ON HOLIDAY—"JUDICIAL BUSINESS."—The service of a proposed statement is not invalid or void because made on Sunday or on a legal holiday, although it might be served on the next day, nor is such service "judicial business" within the meaning of section 5 of article VI of the Constitution.

APPEAL from an order of the Superior Court of Sacramento County refusing to settle a statement on motion for new trial, and dismissing the motion. MATT. F. JOHNSON, Judge.

The facts are stated in the opinion.

*Albert M. Johnson,* and *William M. Sims,* for Appellant.

Section 1054 of the Civil Code does not limit the authority of attorneys to extend the time. It merely limits the power of the court to extend time for thirty days, without the consent of the adverse party. (*Curtis* v. *Superior Court,* 70 Cal. 390; *Simpson* v. *Budd,* 91 Cal. 488.) The proposed statement was not properly a skeleton statement, as it would have to be engrossed, and documents referred to could then be inserted. The service of the statement on a nonjudicial day was not void. (5 Am. & Eng. Ency. of Law, 85; *State* v. *California Min. Co.,* 13 Nev. 203.)

*Armstrong & Bruner,* for Respondent.

The proposed statement was a skeleton statement, and insufficient. (*People* v. *Bartlett,* 40 Cal. 146; *Bush* v. *Taylor,* 45 Cal. 112.) The court can only extend the time allowed by the code, and cannot extend the time allowed by stipulation. (Code Civ. Proc., sec. 1054.) The order of the court referred only to a statement on appeal, which is provided for by the code. (Code Civ. Proc., secs. 659, subd. 4, 660, 661.) The court cannot amend its order. (Code Civ. Proc., sec. 1858.) The failure to file the stipulations and orders destroyed their validity. (*Campbell* v. *Jones,* 41 Cal. 515; Code Civ. Proc., sec. 283; *Borkheim* v. *North British etc. Ins. Co.,* 38 Cal. 623; *O'Neil* v. *Dougherty,* 47 Cal. 164; *Merritt* v. *Wilcox,* 52 Cal. 238; *Smith* v. *Polack,* 2 Cal. 92; *Blackwood* v. *Cutting Packing Co.,* 71 Cal. 465; Superior Court Rule 23.) The service of a statement, being a step in an action, is judicial business, and cannot be done on a nonjudicial day. (*Stonesifer* v. *Kilburn,* 94 Cal. 43; *Kelley* v. *Larkin,* 47 Cal. 58; Code Civ. Proc., secs. 10, 133, 134.)

Haynes, C.—Appeal from an order refusing to settle defendant's statement on motion for a new trial, and dismissing said motion.

After the service of defendant's proposed statement the plaintiff, upon due notice, moved the court to refuse to settle the same, and to dismiss defendant's motion for a new trial, and to deny the same upon the following grounds: "1. That it is a mere skeleton statement, and does not substantially conform to the requirements of the Code of Civil Procedure; 2. That the same was not served within the time allowed by law, nor within the time to which the court had jurisdiction to extend the time, and the court made no order extending the time for preparing and serving the statement on motion for a new trial; 3. On the further ground that said alleged statement on motion for a new trial was not served upon a judicial day, but was served upon the day of a general election."

The court below granted the motion upon the second ground, and, while saying that it was not necessary to pass upon the other grounds, expressed the opinion that they were insufficient to sustain the motion. Respondent, however, insists that, if the motion was properly granted upon any or either of the grounds specified, the order must be affirmed, and discusses all of them.

1. It is true the appellant's proposed statement should be a fair one; but nothing should be inserted, *in extenso*, at least, but that which is pertinent to the questions made by the moving party; and necessary for their proper consideration. The first alleged defect in said proposed statement pointed out by respondent is an illustration of the proper mode of preparing statements. It is as follows: "Plaintiff offered in evidence the following documentary evidence: Minutes of the board of trustees of Reclamation District No. 535, showing order employing J. C. Boyd, engineer; also the report of said engineer to the board of trustees." No objection or exception was made, and no question seems to be made thereon, and, therefore, a copy of the minutes would only encumber the transcript and increase both labor and expenses. If, however, for any reason the opposite party deemed the whole, or some part of the

minutes essential to his protection upon the hearing of the motion, or upon appeal, it would be allowed as an amendment by the court upon the settlement of the statement, upon its materiality being shown. The code provides: " The objection must be stated with so much of the evidence or other matter as is necessary to explain it, *and no more.*" (Code Civ. Proc., sec. 648.)

It is further objected that reference is made to certain records, thus: " In minute-book of said board appears the following order on page 331 [here insert]."

This is common practice in preparing proposed statements. It is seldom that proposed statements are not amended, and almost invariably it becomes necessary to rewrite them. The reference to the document or record, with the remark " here insert," notifies the opposite party that it is to become part of the statement. Such reference would, of course, not be sufficient in the engrossed statement. Such *engrossed* statement would be a " skeleton statement" as declared in *People* v. *Bartlett,* 40 Cal. 146, and *Bush* v. *Taylor,* 45 Cal. 112, cited by respondent. We see no such defects in this proposed statement as would justify the court in refusing to settle it.

2. We think the court erred in granting respondent's motion upon the second ground therein stated. The ten days allowed by statute for serving the proposed statement expired October 4th, but was extended by stipulation of counsel until October 8th, and on that day was extended by order of the court to and including the 22d, and on that day again extended by order until and including November 6th, on which last-named day it was served. These orders extended the time twenty-nine days, and the stipulation four, in all thirty-three days. Respondent's contention seems to be that the court had no power, in any event, to extend the time for a period which, added to the time allowed by the stipulation, would exceed thirty days. But he goes further and says that " the code limits the power of the court to extend the time allowed by the code alone."

From his argument we infer that he claims that the stipulation cut off the power of the court to extend the time at all. But these questions have been settled by *Curtis* v. *Superior Court*, 70 Cal. 390, and *Simpson* v. *Budd*, 91 Cal. 488, and need not be discussed.

Respondent contends, however, that the stipulation limits the time "by agreement" to the eighth day of October in which to prepare, serve, and file the statement. The language of the stipulation in that regard is: "It is also agreed on the part of the defendants in said cases that they will use their utmost endeavors to have the statement of the case settled by the judge, and will, at as early a day as possible, have their transcript on appeal printed," etc. This was not an agreement that they would waive their right to prepare the statement and move for a new trial, if they failed to serve their statement on the day named.

Some questions are also made upon the form of the orders made by the court extending time. The orders were each in the following form, the dates only being different: " Good cause appearing, it is hereby ordered that the defendants in each of the above-entitled cases have to and including the sixth day of November, 1894, in which to prepare, serve, and file their statement of the case, and affidavits, on appeal to the supreme court of the above said cases."

Notice of intention to move for a new trial had been served, and the stipulation extending time referred to the "statement on motion for a new trial." It is impossible that respondent should have been misled by the error, and informalities and mistakes which do not mislead must be disregarded.

It is also said that the stipulation and orders were for time to "prepare, serve, and file" the statement, and as the statement cannot be "filed" until it is settled, and as there was no settlement of the statement attempted within the time limited by the order, that the defendants were too late; that the order limited the settlement and filing as well as the preparation and service. But that

could not have been intended upon the one side, or so understood upon the other. · Counsel might reasonably stipulate against delay on his own part, but would not be likely to stipulate against delay on the part of opposing counsel when his delay might terminate the case, and, through mere delay on his part, win a victory.

It is further contended that the stipulation and orders above mentioned were never filed. The bill of exceptions contained in the record recites: "Defendant's counsel introduced, as filed before the hearing of said motion, the following stipulations and orders, which were received in evidence." There are two answers to this contention: 1. The above statement imports that they were filed before the hearing: 2. Respondent's counsel expressly stipulated in writing that the orders and stipulation extending time need not be filed. Counsel for respondent cites section 283 of the Code of Civil Procedure, to the effect that an attorney shall have authority: "1. To bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise." They also cite rule 23 of the superior court of Sacramento county, which is of similar purport.

The above section of the code was carefully considered by this court in Bank in *Smith* v. *Whittier*, 95 Cal. 279. It was there said, speaking of said section: " It is not intended to enlarge or abridge the authority of the attorney, but only to prescribe the manner of its exercise. (*Preston* v. *Hill*, 50 Cal 53; 19 Am. Rep. 647.) The section does not require a construction that in no instance shall an agreement which the attorney may make in behalf of his client be binding, unless entered in the minutes of the court or filed with the clerk. Its provisions have reference to executory agreements, and not to those which have been wholly or in part executed; and it was with reference to oral agreements of an executory character that the court said in its opinion in *Borkheim* v. *North British etc. Ins. Co.*, 38 Cal. 628, ' of such agreements, therefore, there can be no specific per-

formance.' If, under the terms of a mutual stipulation which was only verbal, one party has received the advantage for which he entered into it, or the other party has, at his instance, given up some right or lost some advantage, so that it would be inequitable for him to insist that the stipulation was invalid, he will not be permitted to repudiate the obligation of his own agreement upon the ground that it had not been entered in the minutes of the court. (*Himmelman* v. *Sullivan*, 40 Cal. 125; *Hawes* v. *Clark*, 84 Cal. 272; *People* v. *Stephens*, 52 N. Y. 306.) If the party admits that he made such verbal stipulation, it will be as binding upon him as if it had been entered in the minutes of the court. (*Patterson* v. *Ely*, 19 Cal. 36; *Reese* v. *Mahoney*, 21 Cal. 306.)"

The duty of counsel to himself, the court, and the profession in such cases, where his client has not interfered or dissented, is clear, and need not be discussed.

3. The third ground of respondent's motion was that the statement was served on a nonjudicial day, November 6, 1894, that being the day of a general election.

This objection is exceedingly technical. That day being a holiday, the statement might have been served the next day. (Code Civ. Proc., sec. 12.) Counsel for respondent insists, however, that the service of the statement was " judicial business," the transaction of which is prohibited by sections 133 and 134 of the Code of Civil Procedure.

Section 133 provides: "Courts of justice may be held and judicial business transacted on any day, except as provided in the next section."

Section 134, as amended in 1893 (Stats. 1893, p. 187) —omitting the enumeration of the holidays—is as follows: "No court shall be open, nor shall any judicial business be transacted, on . . . . except for the following purposes: 1. To give, upon their request, instructions to a jury when deliberating on their verdict; 2. To receive a verdict or discharge a jury; 3. For the exercise of the powers of a magistrate in a criminal action, or in a proceeding of a criminal nature; *provided*, that

the supreme court and the superior courts shall always be open for the transaction of business; *and provided, further*, that injunctions and writs of prohibition may be issued and served on any day."

The amendment consists in inserting the words "and the superior courts," after the words "supreme court," in the third exception.

This amendment would settle the question before us but for a clause in our constitution, which provides that the superior courts "shall be always open (legal holidays and nonjudicial days excepted)." (Const., art. VI, sec. 5.)

But the service of this statement was not "judicial business." Section 134 is a qualification of section 133, which relates solely to courts of justice. However that may be, the act in question was merely ministerial and not judicial. In the law dictionary by Rapalje and Lawrence judicial acts are defined as those "requiring the exercise of some judicial discretion, as distinguished from ministerial acts, which require none."

Many of the cases referring to judicial acts, and the service of writs on *dies non*, relate to acts done on Sunday, and which were held invalid under statutes prohibiting the transaction of any secular business upon that day, and therefore have no application here.

*In re Worthington*, 7 Biss. 455, a judgment docketed on Christmas Day was held valid upon the ground that the act was ministerial and not judicial. In *State* v. *California Min. Co.*, 13 Nev. 203, the undertaking on appeal was executed on Sunday, and that was held not to be "judicial business." *Whipple* v. *Hill*, 36 Neb. 720, 38 Am. St. Rep. 742, is a stronger case than this. There the first Monday in September is, by statute, a legal holiday, known as "Labor Day"; and the statute provides: "No court can be opened, nor can any judicial business be transacted, on Sunday or any legal holiday, except: 1. To give instructions to a jury when deliberating on their verdict; 2. To receive a verdict or discharge a jury; 3. To exercise the powers of a single

magistrate in a criminal proceeding; 4. To grant or refuse a temporary injunction or restraining order." It was there held that the issuance of a writ of attachment on a debt past due is a purely ministerial act, and does not fall within the inhibition of the statute. The court said: " The language of the section is plain and unambiguous, and should not be extended by judicial interpretation beyond the plain import of the words used. Had the legislature intended to debar courts or court officers from performing ministerial acts upon holidays, words suitable to express such intention would have been employed. If the transaction of all legal business was forbidden on such days, as is the case in some of the states, we would grant that the order in question would be void; but the statute does not so provide. It is the opening of courts and the transaction of judicial business on legal holidays which the law forbids. This intent is clearly manifest." In *Smith* v. *Ihling*, 47 Mich. 614, it was held that the issuing of a summons by a justice of the peace was a ministerial act not forbidden by the statute.

In *Weil* v. *Geier*, 61 Wis. 414, it was held that the statute providing that "no court shall be opened or transact any business on a legal holiday" does not prohibit a justice of the peace from issuing a summons on that day, that being a purely ministerial act.

At common law Sunday is *dies non juridicus*, and judicial acts cannot be done on that day, though other acts may be, unless prohibited by statute. (*Story* v. *Elliot*, 8 Cow. 27; 18 Am. Dec. 423.) What has been said sufficiently answers the authorities cited by respondent.

The order refusing to settle the defendant's statement on motion for new trial, and dismissing said motion, should be reversed, with directions to settle said statement and hear said motion.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the order refusing to settle defendant's statement on motion for new trial is reversed, with directions to settle said statement and hear said motion.

McFARLAND, J., TEMPLE, J., HENSHAW, J.