[Civ. Nos. 545 and 546.   Second Appellate District.—December 1, 1908.]

WESLEY YOUNG and GERTRUDE K. YOUNG, Appellants, v. J. W. PATTERSON, Respondent [No. 545]. WESLEY YOUNG and GERTRUDE K. YOUNG, Appellants, v. W. G. WAGNER, as Auditor of San Bernardino County, Respondent [No. 546].

TAXATION—SALE—TITLE OF STATE—DISPOSITION BY STATE—SALE BY TAX COLLECTOR—PAYMENT BY PURCHASER—LOSS OF REDEMPTION PRIOR TO DEED.—The right of the previous owner, under section 3817 of the Political Code, to redeem property sold to the state for delinquent taxes, is lost when the property has been sold by the tax collector upon direction of the controller, and after due notice to a purchaser who has paid the purchase money to the county treasurer before any attempted redemption was made. The land is disposed of by such sale and payment, though no deed had passed to the purchaser prior to the attempted redemption. The deed was not necessary to complete the sale of the state's title.

ID.—COMPLETION OF SALE AT PUBLIC AUCTION.—A sale at public auction is complete when the auctioneer publicly announces, in any customary manner, that the thing is sold. The purchaser's bid is then accepted, and the bidder cannot withdraw it, but must pay the purchase money.

ID.—SALE ON LEGAL HOLIDAY NOT VOID.—A sale made by the tax collector on a legal holiday is not void, in the absence of a statutory prohibition against it, and if otherwise made according to law is effectual to dispose of the state's title to one who pays the purchase money.

ID.—MANDAMUS NOT PERMISSIBLE TO COMPEL ESTIMATE FOR REDEMPTION.—The right of redemption having been lost by disposition of the state's right by a sale entitling the purchaser to a deed from the state, *mandamus* will not lie to compel an estimate for redemption from the county auditor, either on the ground that the sale was made on a holiday, or on the ground that the deed had not passed for the state.

APPEALS from judgments of the Superior Court of San Bernardino County.   Benjamin F. Bledsoe and Frank F. Oster, Judges.

The facts are stated in the opinion of the court.

L. M. Sprecher, for Appellants.

H. L. Dickson, Curtis & Curtis, and Mack & Light, for Respondent.

TAGGART, J.—These actions were brought to establish the right of plaintiffs to redeem certain real property after sale to the state for delinquent taxes, and a sale and conveyance by the state to the defendant Patterson. No. 545 against Patterson, the purchaser from the state, is to declare the sale and deed to him void; and No. 546 against defendant Wagner, as auditor of San Bernardino county, is for a writ of mandate to compel him to furnish an estimate of amount necessary to redeem and his authorization to the treasurer of the county to receive from plaintiffs the money required for the redemption of the property.

Judgment in No. 545 is for defendant upon failure of plaintiffs to amend their complaint after demurrer sustained; and, in No. 546, is for defendant after issue joined, and the case heard upon stipulation of facts. Appeal is from the judgment in both cases, and the appeals are submitted upon the same briefs.

The lands in question were regularly assessed, and taxes thereon levied and returned delinquent for the years from 1894 to 1900, inclusive, and thereafter said lands sold to the state for nonpayment of such taxes in the year 1901, and again sold to the state in the years 1902 and 1903 for delinquent taxes, and the deeds therefor properly issued to the state, after the expiration of five years from the dates of the respective sales. Thereafter, pursuant to a proper authorization and direction by the state controller, the tax collector of San Bernardino county, after notice regularly given as provided by section 3897 of the Political Code, sold the property at public auction to the defendant Patterson, who immediately paid the amount of his bid in full, and three days thereafter the money was paid into the county treasury and apportioned to the funds to which the law required. The sale was made and the money paid on November 2, 1907, the money apportioned November 5, 1907, and the deed from the state delivered to Patterson on November 9, 1907, all of which days were holidays by virtue of proclamation by the governor of the state, the right of the governor to so create holidays not being questioned.

On November 6, 1907, plaintiffs tendered to Patterson the full amount paid by him, with interest and expenses; and on the same day made a similar tender to the tax collector,

auditor, and county treasurer, all of whom refused to receive it. This tender was renewed on the first day following the holidays.

The right of plaintiffs to redeem at the time of the tender (November 6, 1907) is predicated upon (1) the invalidity of the sale to defendant because made upon a legal holiday; and (2) the fact that the deed from the state was not delivered to the purchaser until November 9, 1907, three days after the tender made by plaintiffs.

Real property sold for delinquent taxes may be redeemed within five years from the date of the sale to the state, or at any time prior to the entry or sale of said land by the state, in the manner provided by section 3817 (Pol. Code, sec. 3780). Section 3817 provides the method to be followed, and specifies that the redemption of the property shall be made "before the state shall have disposed of the same." These sections must be read in connection with sections 3787 and 3788, the latter of which provides that the deed made to the state "conveys to the state the absolute title to the property as of the date of the expiration of the period of five years from the date of the sale of said property to the state." The deed must be made to the state at the expiration of the five years, and must contain a recital that no person has redeemed the property within the time allowed by law for its redemption. (Sec. 3785.) The sale vests the equitable and the deed the legal title of the land in the state. (*Santa Barbara* v. *Savings Soc.*, 137 Cal. 463, 465, [70 Pac. 457].) As against the state the property owner at the end of five years has forfeited all rights in the property, except the privilege accorded him by the statute of redeeming it at any time before the state actually enters, sells, or disposes of it. (*Baird* v. *Monroe*, 150 Cal. 560, 567, [89 Pac. 352].)

A sale at public auction is complete when the auctioneer publicly announces, by the fall of his hammer, or in any other customary manner, that the thing is sold (Civ. Code, sec. 1793). The bid is then accepted and the bidder cannot withdraw it (sec. 1794). The property here in question was sold on November 2, 1907. It appears to have been assumed in an early case that a proper note or memorandum made by the auctioneer on such a sale would satisfy the statute of frauds (*People* v. *White*, 6 Cal. 75), and certainly when the purchase money was fully paid and deposited in the county

treasury, following a sale made according to legal notice, the state had disposed of the property, and the delivery of the deed was not requisite to complete the sale.

The right of the state to sell the property was unrestricted. The method was prescribed by section 3897, and whenever the controller directed the sale and the tax collector gave notice it could be sold. Plaintiffs had no right to demand that it be sold or not sold on some particular day, and we are not called upon to determine whether some act required to be done by them on a certain day of the month may not have been done on the following day because the day appointed fell upon a legal holiday; neither are we required to pass upon the question of their right to an extension of some fixed period within which they were to exercise some privilege or right because the last day of such period was a holiday. The only question is, Was the sale on a legal holiday by the tax collector void?

In *Baxter* v. *Vineland etc. Co.*, 136 Cal. 185, 193, [68 Pac. 601, 604], a similar question was presented to the supreme court, but its decision was held not to be necessary in that case. It is said in the opinion (referring to section 13, Political Code, section 11, Civil Code, and section 13, Code of Civil Procedure): "The law had not appointed a particular day for the sale in question, and whether a day which the law authorizes to be fixed upon a particular day may be said to be a day appointed by law is at least doubtful. . . . We find no statute prohibiting such a sale on a holiday, and we find no statute prohibiting the postponement of a sale noticed on a holiday." We think the rule applicable here is that, in the absence of a statutory prohibition, a ministerial act of the kind in question is not void because performed upon a legal holiday. (*People* v. *Town of Loyalton*, 147 Cal. 774, [82 Pac. 620]; *Heisen* v. *Smith*, 138 Cal. 216, 218, [94 Am. St. Rep. 39, 71 Pac. 180]; *Reclamation District* v. *Hamilton*, 112 Cal. 603, 610, [44 Pac. 1074].) The demurrer to the complaint in No. 545 was properly sustained, and plaintiff was not entitled to a writ of mandate in case No. 546.

Judgment is affirmed in both cases.

Allen, P. J., and Shaw, J., concurred.