[Civ. No. 9620. First Appellate District, Division Two.—January 16, 1935.]

RALPH R. STRANGE, Respondent, v. MABEL L. CORYELL, Appellant.

Robert R. Moody for Appellant.

Young, Hudson & Rabinowitz for Respondent.

STURTEVANT, J.—In an action to recover a judgment proving a written instrument the trial court entered a default judgment against the defendant from which she has appealed under the alternative method.

The action was commenced in the Superior Court of the City and County of San Francisco on January 25, 1933. On the same day a summons was issued and it was served on the defendant's husband, Joseph B. Coryell, at Atherton in the county of San Mateo on February 5, 1933. Thereafter on ·Sunday, the nineteenth day of March, 1933, the summons was served on Mabel L. Coryell, the defendant, in the county of San Mateo. On April 19, 1933, the trial court made an order that the default of the defendant be entered and it was entered on that day by the clerk. On the eleventh day of May, 1933, the trial court entered the

judgment appealed from. It recites that the action had been dismissed as to the defendant's husband. It also recites that the default of the defendant had been duly entered. No motion to vacate the default and allow the defendant to answer was ever made. However, on April 17, 1933, the defendant served and filed a written notice that, appearing specially for that purpose, she would, on April 24, 1933, move the court for an order quashing the purported service of summons and for an order that the court had no jurisdiction over her person. She stated that her motion would be made on the ground that the copies of summons and complaint were handed to her on Sunday, the nineteenth day of March, 1933, and that no other service had ever been made. Together with said notice the defendant served a copy of her affidavit supporting said notice and motion. The motion came on for hearing and on May 6, 1933, it was denied. Reciting the foregoing facts the defendant claims the trial court erred in denying her motion and that the service of said summons and complaint was a void act and did not confer jurisdiction of her person. She cites and relies on *Whitney* v. *Butterfield,* 13 Cal. 335 [73 Am. Dec. 584]. It is not in point. It was an action brought to recover damages for *not serving a writ of attachment.* All that is said about service on a holiday is *dictum.* In 29 C. J., at page 765, the author states: "As a general rule the service of legal process may be made on a legal holiday in the absence of express statute making the day in question a *dies non* for the purpose of serving process." That same rule was declared in *Reclamation District No. 35* v: *Hamilton,* 112 Cal. 603, 610–612 [44 Pac. 1074]. That case was cited and followed in *Heisen* v. *Smith,* 138 Cal. 216 [71 Pac. 180, 94 Am. St. Rep. 39]; *Young* v. *Patterson,* 9 Cal. App. 469, 472 [99 Pac. 552]; *People* v. *Heacock,* 10 Cal. App. 450 [102 Pac. 543]. We find nothing in *Vidal* v. *Backs,* 218 Cal. 99 [21 Pac. (2d) 952, 86 A. L. R. 1134], at variance with *Reclamation District No. 35* v. *Hamilton, supra.* On the other hand there are other authorities that, in effect, declare the same rule. (*People* v. *Town of Loyalton,* 147 Cal. 774 [82 Pac. 620], and *People* v. *Helm,* 152 Cal. 532 [93 Pac. 99].) As we have no statute prohibiting the service of process on *dies*

*non juridicus* the trial court did not err in denying the motion made by the defendant.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.