PITNEY-BOWES, INC., Plaintiff, *v.* JEFFERSON COUNTY NEWS COMPANY, INC., Defendant.

County Court, Jefferson County, March 29, 1955.

*Clarence F. Giles, Jr.,* for plaintiff.

*Francis P. Burns, Jr.,* for defendant.

WILTSE, J. Presently the plaintiff is applying herein for an order striking out the answer of defendant, and directing summary judgment against the defendant in an alleged action on contract now pending, and at issue, in the County Court of Jefferson County.

Heretofore, and on or about December 20, 1954, by a decision in writing, and subsequent order in the same action, the court vacated a judgment taken by default against the defendant, to allow the defendant to interpose an answer. In that decision, and subsequent order, however, it was provided that the lien of the judgment should remain as security to the plaintiff, until a final determination of the matter. Therefore, if a final judgment should later be obtained, no intervening actions or liens would prejudice the plaintiff. Conversely, should the defendant prevail finally, the judgment would be vacated and set aside.

Thereafter, the instant motion was instituted by the plaintiff.

In opposition thereto, counsel for the defendant raises several questions as to whether plaintiff is entitled to the relief asked under the contract incorporated in the pleadings, and which is the basis for the demand of the plaintiff.

Also presented is a question that is of much graver concern, and upon which counsel for both parties have presented memoranda.

Such question arises upon a showing that the action herein was originally entitled, " Pitney-Bowes, Inc., Plaintiff, vs. James V. Frank, Doing Business Under the Assumed Name and Style of Jefferson County News Company, Defendant ".

Thereafter, and on August 3, 1954, counsel entered into a stipulation reading: " The above entitled action having been brought against James V. Frank, Doing Business Under the Assumed Name and Style of Jefferson County News Company, and whereas said Jefferson County News Company is a corporation, incorporated under the Laws of the State of New York, and all the parties to said action being adults and there being no person not a party having an interest in the subject matter of said action, it is Hereby Stipulated and agreed by and between the attorneys for the respective parties herein that the above-entitled action be, and the same hereby is, discontinued without prejudice to bringing a further action and without costs to either party as against the other, and that an Order to that effect may be entered without notice to either party."

Thereupon, the said action was discontinued, and the action as now entitled was instituted. Likewise, of course, plaintiff's

complaint charged the present defendant as being responsible under the causes of action set forth in the complaint.

The judgment by default, and the " opening " of same, and the instant application, as set forth above, then resulted.

Examination of the contract set forth in the complaint, and upon which the action is based, reveals that the identical name of the present defendant does not anywhere appear. Neither is there an irrefutable showing in the documents as pleaded, that this defendant is the party charged with responsibility under the contract.

To consider whether sufficient other grounds exist for granting the summary judgment asked by plaintiff, is futile unless it be first determined, before any further consideration, whether the proper party is named as defendant.

Plaintiff contends that the stipulation of counsel quoted above is binding upon the present corporate defendant, and that such defendant is now estopped from claiming that the contract mentioned in the complaint was not executed in a corporate capacity. A certain check alleged to be in partial payment of the said contract, is incorporated in plaintiff's moving papers in substantiation of this contention, among other things.

In opposition to the instant motion, as heretofore mentioned, defendant has set forth, among other things, that no showing of facts has been made that the present corporate defendant is liable under the contract alleged in the complaint.

Squarely, then, the issue to be first determined is: Do the pleadings and all papers now before the court present facts clearly and unequivocally showing that the proper defendant is here charged with liability?

If it be determined in the affirmative, the further requisites to the granting of a summary judgment may then be considered.

If it be determined in the negative, the present motion must be denied.

To answer that question in the affirmative, it must be held that the stipulation of counsel, dated August 3, 1954, and above mentioned, is binding upon the corporate defendant, and estops it from asserting its alleged defense, that it is not properly a party to this action.

Numerous authorities are cited by counsel for plaintiff in support of an affirmative decision upon this question.

However, the factual matter set forth in the authorities cited does not appear to contemplate a condition such as here exists. The holdings therein are based on entirely different situations.

In fact, two of the cases cited, *Barrett* v. *Third Ave. R. R.*

*Co.* (45 N. Y. 628) and *Mutual Life Ins. Co. of N. Y.* v. *O'Donnell* (146 N. Y. 275), appear to provide reasoning to answer the foregoing question in the negative.

The latter case, at page 280, states: " Whilst the oral stipulation under the rule is not binding and will not be carried into effect by the court, still it will not permit a party to be misled, deceived or defrauded by means thereof, and in some instances where it has been acted upon the party making it, will not be permitted to retract and take advantage of the acts or omissions of his adversary thereby induced. (*People* v. *Stephens,* 52 N. Y. 306, 310.) So that, if the defendant O'Donnell, by the oral agreement, was led to believe that the plaintiff would bid the full amount of the judgment, and, relying thereon, neglected to attend the sale and look after his interests thereat, the court may, upon motion and by way of a favor to him, order a re-sale."

Considering the facts in that case, and the principles enunciated, it cannot be said to contemplate a situation where counsel for a party defendant has substituted by his own agreement, another and different party defendant. Neither is there any holding to that effect.

To do so here, would be to deprive the defendant of all opportunity to assert an alleged available defense. And unless it appeared that the defendant had authorized, or acquiesced in, such agreement or stipulation it would be a drastic rule that would prevent an attempt by this, or any, defendant to establish that the proper defendant had not been made a party.

Such a defense goes to the very heart of the action — there would be no jurisdiction for granting any judgment if the proper party to be charged were not established..

The papers here do not purport to show that there was any direction on the part of the original defendant, or the present defendant, to cause counsel to enter into the stipulation aforesaid. Nor has there been any act shown which could be construed to estop the present defendant from asserting that another and different defendant should be a party.

The fact that the stipulation and other papers referred to, infer that the former defendant may be the owner of the majority of shares of the present corporate defendant, does not alter the situation. This, and other issues herein mentioned, still must be determined upon a trial, where all of the facts are available.

The authority of counsel under his retainer would not appear to be so broad as to allow him, on his own initiative, to discontinue an action against one client, and to subject another client to possible liability under the same alleged contract.

That is not to say that sufficient testimony would be impossible of production upon a trial to present a question of fact to be determined, as to whether the corporate, or original defendant, was proper. But on this motion, it must be held that there is not a sufficient showing for it to be the basis of granting the order sought by the plaintiff.

It, therefore follows, that the question above presented is answered in the negative, and the motion of plaintiff is denied.

Permission is granted to either party to amend the pleadings, if deemed proper, within limits prescribed by law, in view of the above, provided any amended pleadings are served within ten days from entry of order herein; and the cause and questions of fact presented may be given preference for trial at the next stated term of Jefferson County Court; in the meantime, the lien of the judgment is to remain as provided in the order dated December 20, 1954.

An order may be entered as above provided.