## DETERMINED IN THE

# SECOND DEPARTMENT

### IN THE

## APPELLATE DIVISION,

## May, 1903.

---

MARTHA A. SMITH and Others, Appellants, *v.* MARY I. BACH, Formerly MARY I. VANDEWATER, Respondent, Impleaded with EMANUEL WEISS.

*Rule that agreements as "to the proceedings in a cause" be in writing — it does not apply to an agreement of settlement — scope of a supplemental complaint.*

Rule 11 of the General Rules of Practice, which requires agreements or consents "in respect to the proceedings in a cause" to be in writing, does not apply to an agreement in settlement of an action.

A party is not entitled to set up by a supplemental complaint a new and different cause of action which did not exist at the time of the commencement of the action.

APPEAL by the plaintiffs, Martha A. Smith and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 7th day of January, 1903, denying the plaintiffs' motion for leave to serve a supplemental complaint.

*J. Baldwin Hands*, for the appellants.

*Clarence D. Cruikshank*, for the respondent.

GOODRICH, P. J.:

The complaint alleges that William R. Smith, now deceased, father of the plaintiff and the defendant Bach, in 1892, conveyed to the latter certain real estate at Rockaway Beach (known as the Revere House), on the agreement that she hold said premises and col-

lect the rents thereof for the joint benefit of herself and the plaintiffs; that the father died intestate, in 1900; and that the premises were leased to and were in possession of the defendant Weiss at a yearly rental of $1,200. It was not alleged how much rental Mrs. Bach had received, but it was alleged that accounting and payment had been demanded and refused and that Weiss was in arrears $400. The plaintiffs prayed for a conveyance of their half and for an accounting.

Shortly after the action was commenced, the attorneys for the respective parties made an arrangement for a settlement by which Mrs. Bach was to convey the premises to the plaintiff Martha A. Smith, and execute a bill of sale of the fixtures and furniture on the premises and assign to her the lease of said premises to the defendant Weiss. Said plaintiff was to indemnify Mrs. Bach against all liens on the property. Out of the $400 due from Weiss, the defendant was to receive $275, and the plaintiffs $125. In pursuance of this arrangement, said plaintiff executed the indemnity agreement, and Mrs. Bach executed the deed, bill of sale and assignment of lease. The documents were exhibited to and approved by the attorneys, and left in their possession respectively. They were not delivered, however, because Weiss had not paid the rent. Mrs. Bach afterwards obtained judgment against Weiss and issued execution thereon, which was returned unsatisfied, and he was examined in supplementary proceedings in October, 1902. Mrs. Bach afterwards settled the judgment for $200 and satisfied it of record. Her attorney thereafter, on October eighteenth, wrote the plaintiffs' attorney that negotiations were ended, to which the latter declined to accede. Defendant Bach answered on October twenty-first, denying the allegations of the complaint. Plaintiffs moved for an order directing the defendant Bach to deliver to the plaintiffs the papers executed by Martha A. Smith, and to strike out the answer as interposed in bad faith and after settlement and granting the plaintiffs leave to serve "a supplemental complaint setting up the settlement of this action." This motion was denied and the plaintiffs appeal.

The plaintiffs abandon all of their contention except that part which relates to the service of a supplemental complaint. The right to such relief does not depend upon rule 11 of the General

Rules of Practice as the defendant contends. That rule requires agreements or consents "in respect to the proceedings in a cause" to be in writing. The alleged agreement between the plaintiff Martha A. Smith and Mrs. Bach did not relate to the proceedings in an action referred to in the rule, but to an agreement of settlement of the controversy.

There is no proposed supplemental complaint in the record, but it is evident from the moving affidavits that the contract which the plaintiffs desire to set up and enforce under a supplemental complaint is a new and different cause of action from that upon which the present action is brought. A party does not have the right to set up by a supplemental complaint a cause of action which did not exist at the time of the commencement of the action. (21 Ency. Pl. & Pr. 20; *Farmers' Loan & Trust Co.* v. *U. L. Tel. Co.*, 47 Hun, 315; 14 N. Y. St. Repr. 269; *Continental C. & I. Co.* v. *Vinal*, 15 id. 968.)

The order should be affirmed.

WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.