ZWECKER et al. v. LEVINE et al.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. APPEAL AND ERROR (§ 381*) — UNDERTAKING — SURETIES—JUSTIFICATION—
   WITHDRAWAL OF EXCEPTION.
      Under Code Civ. Proc. § 1335, permitting respondent's attorney, within 10 days after service of a copy of the undertaking, on appeal, to serve upon appellant's attorney written notice of exception to the sufficiency of the sureties, when they must justify, and making the effect of a failure to justify the same as if the undertaking had not been given, an exception to sureties may be withdrawn by oral stipulation, and, if withdrawn, leaves the undertaking as though no exception had been demanded.
      [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2030, 2031; Dec. Dig. § 381.*]

2. STIPULATIONS (§ 6*)—ORAL STIPULATIONS.
      While Supreme Court General Rules, Rule 11, provides that an oral stipulation as to proceedings in a case will not be effectuated by the court or binding upon the parties, the court will not permit a party to be misled or defrauded because he acted upon an oral stipulation made by the other party.
      [Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 6.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. APPEAL AND ERROR (§ 1247*)—LIABILITY ON APPEAL BOND—ACTION—JURY QUESTION.

Where plaintiff's evidence in an action against sureties on an appeal bond showed that, within the two weeks in which plaintiff, as respondent in another action, had stipulated in writing that the sureties on the appeal bond might justify upon exception to them, the judgment debtor's attorney assured plaintiff's attorney that the sureties were responsible and plaintiff's attorney acquiesced in their not justifying, which defendants denied, it was a jury question whether plaintiff's demand for justification was withdrawn so as to leave the bond in operation.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1247.*]

4. TRIAL (§ 177*)—JURY QUESTION—SUBMISSION—REQUEST—TIME.

The request to submit a question to the jury which the evidence required to be submitted, made after both parties had moved for a verdict and the court had directed one for defendant, but before verdict was rendered, was in time to require its submission.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

Appeal from Trial Term, New York County.

Action by Clara Zwecker and another against Sarah Levine and another. From a judgment for defendants, upon a directed verdict, plaintiffs appeal. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Moses Feltenstein, for appellants.
Charles Shamroth, for respondents.

HOUGHTON, J. In December, 1907, the plaintiffs recovered a judgment against one Isaac Portman and others for $1,222.50. Portman and his codefendants, feeling aggrieved, appealed from such judgment, and for the purpose of staying the issue of execution gave the usual undertaking, which the defendants signed as sureties. The judgment creditors served a written notice of exception to the sureties on the 28th day of December, 1907. Two days thereafter, at the request of the attorney for the judgment debtors, the judgment creditors' attorney stipulated in writing that such sureties might have two weeks from that date in which to justify. The sureties never justified, nor did the judgment creditors ever issue execution. The judgment which was appealed from was subsequently affirmed, and the plaintiffs bring this action upon the undertaking to recover the amount of the judgment according to the obligations contained therein. The defendants defend on the ground that exception having been taken to them as sureties, and they never having justified, they, by operation of law, were relieved from the obligations which they assumed upon signing the undertaking. The plaintiffs seek to hold them on the ground that the exception to them as sureties was withdrawn by oral stipulation. The learned trial court held that, exception having been taken to the defendants as sureties, the oral withdrawal of such exception was of no effect, and that they were relieved from their obligation, and therefore directed a verdict in their behalf, and from the judgment entered thereon the plaintiffs appeal.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

We are of the opinion that the plaintiffs proved facts with respect to the withdrawal of the exception to the defendants as sureties which made a question of fact for the jury, and that the direction of a verdict in behalf of defendants was erroneous.

It is true that where sureties on an undertaking are excepted to, and they fail to justify, they are relieved from the obligations of the undertaking, and the situation is as though no undertaking had been given. Code Civ. Proc. § 1335; Manning v. Gould, 90 N. Y. 476. But such exception to sureties may be withdrawn by oral stipulation, and if withdrawn the undertaking stands as though no exception to the sureties requiring them to justify had been demanded. Goodwin v. Bunzl, 50 N. Y. Super. Ct. 441, affirmed 102 N. Y. 224, 6 N. E. 399. The reports in the above case do not state that the withdrawal of the exception to the sureties was by oral stipulation, but an examination of the record discloses that such was the fact. Of course, within the 10 days in which the sureties could justify, after written notice to do so, the parties serving such exception to the sureties could by written notice withdraw such exception, and the situation would then be as though no exception to sureties had been taken. Rule 11 of the General Rules of the Supreme Court provides that an oral stipulation in respect to proceedings in a cause shall not be binding and will not be carried into effect by the court, yet the court will not permit a party to be misled, deceived, or defrauded because he has acted upon an oral stipulation made by the opposite party. M. L. Ins. Co. v. O'Donnell, 146 N. Y. 275, 40 N. E. 787, 48 Am. St. Rep. 796.

In the present case the proof is that, within the two weeks in which the plaintiffs had stipulated in writing that the sureties might justify, the attorney for the judgment debtors assured the attorney for the plaintiffs that the sureties were entirely responsible, and that there was no occasion for them to justify, and that the plaintiffs' attorney acquiesced in their not justifying, and in effect withdrew his demand that they do so. The defendants denied this, but the proof on the part of the plaintiffs raised a question for the jury to determine, whether or not the demand for justification had in fact been withdrawn. Instead of directing a verdict in behalf of defendants, the learned trial court should have submitted the question of such withdrawal to the jury. If the jury should find from all the facts and circumstances that the demand for justification was in fact withdrawn, then the defendants would be liable upon their undertaking as though no demand for justification had ever been made. In signing the undertaking the defendants entered into an obligation to pay the amount of the judgment in case it was affirmed, and they were only relieved in case the judgment creditors refused to accept them as sureties. If such refusal was made, and the sureties failed to justify, the sureties were then relieved. If, however, the exception was withdrawn, the undertaking of the defendants remained and was binding upon them.

The defendants insist the plaintiffs were too late in asking to go to the jury upon the question as to whether or not exception to the sureties had been withdrawn. Both parties moved for direction of verdict, and the court announced that it would direct a verdict for the defendants. Before the verdict had been rendered, the plaintiffs asked to go

to the jury upon the specific question as to whether or not the exception to the sureties had been withdrawn. The plaintiffs thus pointed out a specific question for the jury to pass upon and were in time in so doing. Maxwell v. Martin, 130 App. Div. 80, 114 N. Y. Supp. 349..

It follows that the judgment must be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.