(92 Misc. Rep. 150)

### LASKA v. HARRIS.

(Supreme Court, Appellate Term, First Department. October 11, 1915.)

1. STIPULATIONS ⚮6—ORAL AGREEMENTS OF COUNSEL.
    While rule 11 of the General Rules of Practice provides that no private agreement between the parties or their attorneys in respect to the proceedings in the cause shall be binding, unless reduced to an order by consent and entered, or unless the evidence shall be in writing, subscribed by the party against whom it may be alleged, a party acting upon an oral stipulation cannot retract, and take advantage of acts or omissions of his adversary thereby induced.

    [Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 5–13; Dec. Dig. ⚮6.]

⚮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. APPEAL AND ERROR ⬡⇒715—REVIEW—MOTION—AFFIDAVITS.

Affidavits on a motion to dismiss for want of prosecution, not before the court in the first instance, cannot be accepted by the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2964, 2965, 3273; Dec. Dig. ⬡⇒715.]

Appeal from City Court of New York, Special Term.

Action by Edward Laska against Charles K. Harris. From an order granting a motion to dismiss the complaint for lack of prosecution, the plaintiff appeals. Reversed, and motion remitted for further action.

See, also, 155 App. Div. 902, 140 N. Y. Supp. 1127.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Alexander A. Mayper, of New York City, for appellant.

Adolph Hirsch Rosenfeld, of New York City, for respondent.

PAGE, J. The plaintiff's attorney, in his affidavit presented in opposition to the motion, stated that the reason he had not moved the cause for trial was that there was an understanding between the attorneys for the respective parties that the trial of this action should be delayed until the determination of an appeal to the Court of Appeals in an action tried in the Supreme Court between the same parties. The learned justice below felt constrained, although he believed the excuse to be good, to give no heed thereto, for the reason that no written stipulation had been entered into between the attorneys.

[1] While it is true that rule 11 of the General Rules of Practice provides that "no private agreement or consent between the parties or their attorneys, in respect to the proceedings in a cause, shall be binding unless the same shall have been reduced to the form of an order by consent and entered, or unless the evidence thereof shall be in writing subscribed by the party against whom the same may be alleged or by his attorney or counsel," it has been repeatedly held that, where an oral stipulation or representation has been acted upon, the party making it is not permitted to retract, and take advantage of acts or omissions of his adversary thereby induced. People v. Stephens, 52 N. Y. 306, 310; Mutual Life Ins. Co. v. O'Donnell, 146 N. Y. 275, 280, 40 N. E. 787, 48 Am. St. Rep. 796; Zwecker v. Levine, 135 App. Div. 432, 433, 120 N. Y. Supp. 425. If, therefore, such an agreement had been made between the attorneys, and the attorney for plaintiff, relying thereon and acting in accordance therewith, omitted to press the cause for trial, this motion should not have been granted.

[2] The defendant's attorney stated in the argument of this appeal that he did not know the contents of the affidavit of the plaintiff's attorney until after the motion had been decided, and that he desired to submit to this court an affidavit and exhibits tending to show that no such stipulation or agreement had been made. We, of course, cannot accept affidavits not before the court of first instance. To the end that substantial justice may be done, the order will be

reversed, and the motion remitted to the City Court for such action in the premises as may seem proper by it on a further hearing, upon which the attorneys can submit such further affidavits as the facts may warrant, with $10 costs and disbursements of this appeal to abide the event. All concur.