VIOLA LEE, Plaintiff, *v.* JOHN A. RUDD, Defendant.

Supreme Court, Onondaga Special Term, March, 1923.

Practice — oral stipulation for settlement of action — case stricken from the calendar — failure of defendant to carry out stipulation — court may grant order under section 476 of the Civil Practice Act for judgment in favor of plaintiff for stipulated amount.

A party may stipulate away both his constitutional and statutory rights by an agreement which is neither unreasonable nor against good morals or some public policy and such an agreement will be enforced.

The defendant in an action to recover for personal injuries being absent when the case was called for trial, the plaintiff, defendant's father and both attorneys after negotiations finally agreed to settle the case for $7,000. An insurance company agreed to pay $5,000, the full limit of its liability, under a policy issued by it to defendant. To make certain that defendant would carry out the agreement his father called him up on the long distance telephone and explained the situation and what had been recommended and agreed upon. The father then informed the plaintiff and both of the attorneys that defendant approved of the settlement and would pay $2,000 to the plaintiff within a few days. Thereafter in reliance upon the oral stipulation for settlement plaintiff's attorney informed two necessary and material witnesses for plaintiff that they would not be needed and they immediately left this state and are now without the jurisdiction of the court. The cause remained upon the day calendar until the defendant's attorney announced in open court that the case had been settled and thereupon the cause was stricken from both the day and the general calendar. The insurance company is ready to pay its portion of the $7,000 but the defendant has neglected and refused to pay his part although his attorney has used every reasonable effort to compel him to live up to his agreement. *Held*, that while the court was without power to grant an order compelling defendant to pay the $2,000, it would under section 476 of the Civil Practice Act and in order to give full effect to the stipulation of the parties, grant an order directing the entry of judgment in favor of the plaintiff for the amount agreed upon, and thus put plaintiff in a position where she can collect the judgment in the same manner in which she could had the judgment been entered upon the verdict of a jury.

MOTION by plaintiff for an order directing judgment to be entered in favor of the plaintiff and against the defendant for $7,000.

*Woods & Woods* (*Frank L. Woods,* of counsel), for motion.

*Bailey, Oot & Ryan* (*Howard D. Bailey,* of counsel), opposed.

Supreme Court, March, 1923.       [Vol. 120

EDGCOMB, J.   This is a negligence action.   Plaintiff was seriously injured.   Defendant's attorney recognized the grave character of the case, and negotiations for settlement were instituted.   Plaintiff demanded more than the defendant was willing to pay.   Finally the case went on the day calendar for the last day of the Onondaga January Trial Term.   It was not reached, and remained on the first day's calendar of the February term.   Defendant resides in Schenectady.   On the Saturday prior to the opening of the February term defendant's attorneys sent for their client, but instead of coming to Syracuse himself, he sent his father.   Plaintiff, defendant's father and both attorneys met and finally agreed to settle the case for $7,000.   Defendant was insured.   The insurance company agreed to pay $5,000, the full limit of its liability under the policy.   That left $2,000 to be put up by the defendant personally.   To make it absolutely certain that defendant would carry out the agreement, his father called up his son on the long distance telephone, and explained the situation and what had been recommended and agreed upon.   The father then informed the plaintiff and both attorneys that his son approved of the settlement and would put up his $2,000 and pay it to the plaintiff within a few days.   Two necessary and material witnesses for the plaintiff reside out of the state.   Both were in Syracuse on the Saturday in question.   After the terms of settlement had been agreed upon, plaintiff's attorneys informed these witnesses that they would not be needed.   They immediately left the state, and are now without the jurisdiction of the court, and it is uncertain when, if ever, they will come within the borders of the state again.   The action remained on the day calendar until the first Wednesday of the February term, when the defendant's attorneys announced in open court that the case had been settled.   Thereupon the case was stricken from both the day and general calendar.   The insurance company stands ready to pay its portion of the $7,000, but the defendant has neglected and refused to pay his part, although his attorney has used every reasonable effort to compel him to live up to his agreement.   Plaintiff now moves for judgment for the amount agreed upon in settlement.   There is no dispute as to the above facts.   In justice to counsel for the defendant, it should be stated that he is in no way to blame for this situation and that no criticism has or can be made of his conduct in the matter.   The question is whether the court has the power on this motion to order judgment against the defendant for the amount agreed upon to settle the case, and if so whether that power should be exercised.

The defendant has not on this motion or at any other time suggested that he did not authorize this settlement and approve

of its terms. He has never attempted to repudiate it. We, therefore, start with the proposition that this was a binding agreement on his part. The courts have always looked with favor upon agreements to settle disputes and put an end to litigation. Such contracts are reasonable and proper, and should be enforced if possible.

The stipulation in question was an oral one. Rule 4 of the Rules of Civil Practice provides that agreements between parties or their attorneys shall not be binding unless they are reduced to writing and signed by the party or his attorney, or are embodied in the form of any order which has been entered. The rule expressly provides, however, that its provisions are not applicable to oral stipulations between counsel made in open court. Such agreements are binding.

It will be noted that the above rule applies to a stipulation " relating to any matter in an action or proceeding." It has been held that an agreement to settle does not have to be in writing, because it does not apply to any matter in the action, and the rule, therefore, is not directed to such a stipulation. *Smith* v. *Bach*, 82 App. Div. 608.

Even if a stipulation be verbal, the court will hold it to be effectual so as not to prejudice, deceive or defraud the opposite party, if he has relied and acted upon the agreement in good faith. *People* v. *Stephens*, 52 N. Y. 306, 310; *M. L. Ins. Co.* v. *O'Donnell*, 146 id. 275, 280; *Zwecker* v. *Levine*, 135 App. Div. 432; *Laska* v. *Harris*, 92 Misc. Rep. 150.

In *People* v. *Stephens, supra,* after defendant's demurrer had been sustained, an oral agreement was made between the attorney-general and defendant's attorney, that defendant would waive the costs, and that all further proceedings would be dropped, and the action would be considered settled. Relying upon this agreement defendant's attorney notified his client that the case was ended, and took no further steps in the action. Several years afterwards the successor to the then attorney-general entered the order sustaining the demurrer, and appealed therefrom. Held, that the agreement should be deemed just as effectual as if it had been reduced to writing, and that the appeal should be dismissed on affidavits showing the facts.

In the case at bar plaintiff relied upon the stipulation of the defendant to settle the case. She allowed her witnesses to get out of the jurisdiction of the court, and where she could not compel their attendance at the trial, if one be had; she permitted the case to go off both the day and the general calendar; she lost her opportunity to try the case when she was all ready so to do. As a favor

to the defendant she gave him several days to get a part of the money he had agreed to pay her in settlement of her claim. Defendant took advantage of her credulity; he deceived and misled her to her detriment. The law does not look with favor upon such conduct.

It is true that, if judgment is to be entered in this summary manner, defendant will be deprived of his right to a jury trial of the issues in the case. The stipulation, however, must be considered a waiver of a trial by jury. It was intended as such when it was made.

It has repeatedly been held that a party may, if the agreement be not unreasonable nor against good morals or sound public policy, stipulate away his rights, both statutory and constitutional, and make the law applicable to the action, and that such an agreement will be enforced. *Vose* v. *Cockcroft,* 44 N. Y. 415; *Cox* v. *N. Y. C. & H. R. R. R. Co.,* 63 id. 414; *Matter of Pet. of N. Y., L. & W. R. R. Co.,* 98 id. 447, 453; *Cowenhoven* v. *Ball,* 118 id. 231, 235; *Dubuc* v. *Lazell, Dalley & Co.,* 182 id. 482, 486.

A party is by no means entitled under all circumstances to have his case determined by a jury after a trial upon the merits. The present Rules of Civil Practice provide many instances where judgment may be ordered on motion and without trial.

Undoubtedly there are many cases where a stipulation of settlement should not be enforced in this summary manner, but rather by an independent action to compel performance, and where common-law proof should be given and the witnesses produced and examined and cross-examined. The rule seems to be settled that it is only where the existence or validity of a stipulation is dependent upon voluminous evidence that such an action is necessary to make the agreement effective, and that, if the engagement between the parties is clearly established, undisputed and proper, the court has the power to enforce it in a summary method by motion. *M. L. Ins. Co.* v. *O'Donnell, supra; Potter* v. *Rossiter, No. 4,* 109 App. Div. 737; *Valentine* v. *Central Nat. Bank,* 10 Abb. N. C. 188, 190; *Kelsey* v. *Sargent,* 40 Hun, 150. The facts here are not disputed. Defendant presents no affidavits. Under the above rule relief by motion is proper.

It, therefore, becomes necessary to determine just what this agreement is, and in what form it should be enforced. Concededly the court is without power to modify or alter the stipulation in any material detail. I do not assume that the contract could be construed as an admission of liability on the part of the defendant, because a party can with impunity buy or attempt to buy his peace, and any effort to settle or compromise a claim cannot be

shown on the trial of the action which it has been attempted to settle. *Smith* v. *Satterlee*, 130 N. Y. 677; *Tennant* v. *Dudley*, 144 id. 504. I do not think it is necessary to give the stipulation such a construction in order to grant the plaintiff relief. Neither was there any promise on the part of the plaintiff, unless it be an implied one, that if the $7,000 was not forthcoming defendant could enter judgment against him. Technically stated the stipulation was an engagement on the part of the defendant to pay the sum of $7,000 and of the plaintiff to accept such sum in full settlement of all claims of the plaintiff against the defendant. In what manner can such an agreement be enforced? The court cannot make an order compelling the defendant to pay the money to the plaintiff, but it can, I think, terminate the action by ordering judgment for the amount agreed upon, and put plaintiff in a position where she can collect her judgment in the same manner in which she could if it had been entered on the verdict of a jury. Such procedure will give full effect to the stipulation of the parties.

Thus far I have based my conclusions upon the law as it stood prior to the enactment of the Civil Practice Act. I think that the provisions contained in section 476 of the Civil Practice Act constitute ample authority for ordering judgment at this time. The part applicable here reads as follows: " Judgment may be rendered by the court in favor of any party or parties, and against any party or parties, *at any stage of an action* or appeal, if warranted by the pleadings *or the admissions of a party or parties.*" This section is new, and is broad enough to cover just such a situation as has developed here.

I have, therefore, come to the conclusion that the court has the power to order judgment to be entered against defendant. This procedure is summary and drastic. It should not be promiscuously invoked. The relief here sought should only be granted when a party's right thereto is clear and well established, and when the agreement has been proven beyond question, and when it appears that the opposing party relied upon the stipulation to his serious detriment. I believe that the instant case comes squarely within that rule, and for that reason I am convinced that an order should be granted directing judgment against the defendant for $7,000, without costs.

So ordered.

*Ordered accordingly.*