MARGARET LLOYD, as Administratrix, etc., of CHARLES LLOYD, Deceased, Respondent, v. R. S. M. CORP., Appellant, Impleaded with " LOUIS " STERN, First Name " Louis " Fictitious, Real Name Unknown to Plaintiff, Defendant.

First Department, December 28, 1928.

*Max Herschaft* of counsel [*Samuel I. Poskanzer* with him on the brief; *Herschaft & Lamkay*, attorneys], for the appellant.

*Harry Kirshbaum* of counsel [*Leo Schafran* and *Irving L. Rollins*, attorneys], for the respondent.

MERRELL, J.   Plaintiff's intestate was struck by an automobile owned and operated by the defendant corporation, and was killed. Under the provisions of section 282-b of the Highway Law▮ the defendant, appellant, filed the statutory bond for the payment of any judgment recovered against it to the extent of $2,500 for death or personal injuries sustained by a plaintiff.   The defendant, appellant, belonged to an organization known as the Cabco Owners Association, Inc.   Such association obtained indemnity bonds, pursuant to the provisions of section 282-b of the Highway Law for its members through the Equitable Surety Company of New York. In return for dues paid, the defendant and other members of the Cabco Owners Association, Inc., were represented in the defense of negligence claims by said association and a subsidiary and

exclusive agent known as Cabco Agency, Inc. Cabco Agency, Inc., under the arrangement between the Cabco Owners Association, Inc., and its members, was given authority to handle claims against the members of the association and to settle in their behalf, and was solely given authority to handle liability claims against the members of the association. One Shapiro, according to the testimony, was the vice-president of Cabco Agency, Inc., and had full power to act for said Cabco Agency, Inc. When settlements were made of claims against members, payment thereof was made from a fund established by the payment of members' dues. Originally the Cabco Owners Association, Inc., paid the claims upon the sole signature of an officer of the agency. Subsequently, however, the State Insurance Department of the State of New York required that an appointee of the Equitable Surety Company should countersign all checks in payment of claims. The appointee of the surety company, however, had no authority over the settlement of the claims, all of which was done by Cabco Agency, Inc., acting through and by its vice-president, Shapiro.

The affidavits show that an oral agreement was entered into between the attorneys representing the plaintiff and Shapiro whereby the Cabco Agency, Inc., acting for defendant, agreed to settle the plaintiff's claim for $2,000. That such agreement was entered into is not disputed. Subsequently, Shapiro sought to repudiate such settlement, claiming that he was induced to agree thereto upon representations made by the attorneys for the plaintiff that the plaintiff and her children were dependent for support upon the deceased who had been killed, and it is claimed that the countersignature of the appointee of the surety company was withheld because, upon investigation, it was discovered that at and for some time prior to his death plaintiff's intestate had neither lived with nor contributed to the support of his children. The plaintiff's attorney and representative denies the making of any such representation. Shapiro admitted that at the time of making the settlement he was in possession of the facts in regard to the alleged misrepresentation, upon the report of his investigator, but Shapiro claims to have overlooked it in settling the action. It seems to me that the representation, if made, was quite immaterial, and that it was a matter of no consequence whatever as to whether or not the deceased had been accustomed to support his wife and family, and the fact that he had not, in nowise detracted from plaintiff's right to recover. It was certainly the legal duty and obligation of the decedent to support his wife and family.

The questions presented upon this appeal are, *first,* as to whether the agreement of settlement entered into between the admitted

agent of the defendant, Cabco Agency, Inc., acting by and through Shapiro, compromising the action, was valid, notwithstanding the failure of the nominee of the surety company to perform under the same; and, *second*, as to whether the Special Term was authorized to grant summary judgment under section 476 of the Civil Practice Act. After the settlement had been agreed upon and upon the demand of the Cabco Agency, Inc., acting in behalf of the defendant, the plaintiff, at an expense of $20, procured a surety company bond to cover the $2,000 to be paid to her upon settlement. She also stipulated for a discontinuance of the action and the same was stricken from the calendar, plaintiff thereby waiving her right of preference of trial of the action under section 138 of the Civil Practice Act. Plaintiff also made application in the Surrogate's Court, New York county, allowing her to compromise said action for the sum of $2,000, and executed a bond and filed the same in the Surrogate's Court, approved by the surrogate, permitting her, as administratrix, to receive the $2,000 agreed to be paid upon the settlement. Not only that, but as the result of her settlement her witnesses have been scattered and she has forfeited her readiness for trial. In my opinion, the agreement of settlement entered into between the conceded agent of the defendant and the plaintiff's attorneys is clearly enforcible, and that defendant, by agreeing to the settlement upon which plaintiff relied to her detriment, has estopped itself from repudiating such settlement. There can be no question as to the authority of Cabco Agency, Inc., to act for the defendant. Such authority is not disputed. The plaintiff was unaware of any arrangement or understanding that a settlement, in order to become effective, required the acquiescence of the appointee of the surety company. The question was presented before the Special Term below upon the motion, as to the authority of Shapiro, the vice-president of Cabco Agency, Inc., to settle the claim, and the justice there presiding held that there was no doubt that Shapiro had made a settlement, but that an issue was presented as to his actual and apparent authority. The court, therefore, sent the matter to a referee to take proof on the subject and report to the court, holding the plaintiff's motion under section 476 in abeyance until the coming in of such report. The referee made an exhaustive report in the matter, finding and reporting that Shapiro had full authority to act for the agency, and that the approval of no other officer of the agency was necessary; that he was the highest man in the agency, and that the offer which he had made in settlement of plaintiff's claim had not been rescinded; that the agency had full power to settle and adjust the claim against the defendant corporation, without restriction on such power so

far as the corporation was concerned, and that Shapiro had full power and authority on behalf of the agency to make any adjustment of the claim, and that any adjustment made by him was binding upon the corporation. The report also took up the question as to the effect of the withholding of approval by the appointee of the Equitable Surety Company; and held that in negotiating a settlement with the attorney for the claimant nothing was said on behalf of the agency that the settlement arrived at by the agency was subject to the approval of any one else; that so far as the claimant was concerned, he had no knowledge of the necessity of consent of the Equitable Surety Company, and that the agency with which he dealt had full and complete authority to settle. In his testimony Shapiro referred to the arrangement between Cabco Agency, Inc., and the Equitable Surety Company merely as an " understanding." The referee also held that where an agent is intrusted to do a particular kind of business he becomes, as between the parties dealing with him, the general agent for the transaction of that business, and that his acts between the principal and a stranger in the particular line will bind the principal, although he violates some instruction given by his principal not known to the public. (*Cox* v. *Albany Brewing Co.*, 56 Hun, 489.) In effect, the referee found, I think correctly, that the understanding with reference to the approval by the appointee of the surety company in nowise bound the claimant, who acted in ignorance thereof.

The appellant also raised the objection to the enforcement of the settlement upon the ground that it was oral and not in writing, as required by rule four of the Rules of Civil Practice. I think rule four has no application to the circumstances presented here. If a settlement was made as is admitted, then there was no necessity for a formal written agreement between the parties. There can be no question, after reading the affidavit of Shapiro himself in opposition to the motion below, that he made the settlement with the plaintiff in the sum of $2,000. I do not think the plaintiff should be made the victim of a fraud through an oral stipulation which was acted upon by all of the parties. The defendant, making the same through its agent, should not be permitted to retract or take advantage of rule four. Here we have the terms of the agreement of settlement admitted by all parties. The only question presented is that of the authority of the agent to make the settlement. Therefore, it would not seem to be of any importance whether the agreement, which was admittedly made, was in writing or not. (*Lee* v. *Rudd*, 120 Misc. 407.) The authority of Shapiro to act for the Cabco Agency, Inc., was fully established before the referee.

I think, therefore, that the agreement of settlement made between the plaintiff's attorneys and the agent of the defendant was an enforcible one, and that no defense whatever has been suggested binding upon the plaintiff. I do not think the defendant should be permitted to escape through a technical objection that the settlement agreed to had not been approved by the appointee of the surety company.

The judgment appealed from and the order brought up for review should be affirmed, with costs.

DOWLING, P. J., and McAVOY, J., concur; FINCH and PROSKAUER, JJ., dissent.

PROSKAUER, J. (dissenting). The Special Term has directed judgment on motion, predicating its action upon an oral agreement of settlement alleged to have been made out of court between the plaintiff's attorney and the representative of a mutual insurance corporation which insured the defendant corporation, one of its members, against liability for claims based upon negligence. The defendant refused to carry out the settlement for the assigned reasons that the person claiming to act on its behalf was not authorized so to do, and also upon the ground that the settlement was induced by a misrepresentation of fact. It may well be that in a plenary action upon the agreement of settlement both these claims may be resolved against the defendant; but that question is not before us. I think the court has no power upon motion to determine either of these questions or to order a judgment upon the basis of a disputed oral agreement claimed to have been made out of court.

I, therefore, dissent from the affirmance of the judgment and order.

FINCH, J., concurs.

Judgment and order affirmed, with costs.