IDA KASHEFSKY, Plaintiff, *v.* ANNA FUTERNICK and Another, Defendants.

Municipal Court of New York, Borough of Brooklyn, Eighth District, November 14, 1934.

*Morris Marlow,* for the plaintiff.

*Michael Gottesman,* for the defendant.

BISSELL, J. This is a motion made by the plaintiff, to enter judgment for the sum of fifty-five dollars, together with interest from the 23d day of October, 1934, in accordance with the terms of settlement agreed upon in open court. The defendant opposes the granting of this motion, upon the ground that this was not a settlement of the controversy, but a conciliation, and that under rule VIII of the Rules on Conciliation of the Municipal Court, no judgment or order enforcible by process of law can be rendered or made by the justice who undertakes the conciliation, and, therefore, the proper procedure is to restore the case to the calendar for trial.

The defendant loses sight of the fact that conciliation, in the Municipal Court, is divided into two systems. System "A" deals with a case which is instituted by the service of a summons, and the filing of an answer, as prescribed by the Municipal Court Code. Under system " B " the action is instituted by the issuance of a notice of conciliation by the clerk, and rule VIII of the conciliation rules would apply to an action instituted under this system, but does not apply to system " A." Conciliation under this system is merely the means by which the settlement of a case is brought about.

When the conciliation effort is successful, and the terms agreed upon, this results in the settlement of the case. A court of conciliation is defined as " a court which proposes terms of adjustment, so as to avoid litigation." It is somewhat analogous to the Arbitration Law, which makes its terms applicable to contracts which contain a clause to *settle* any controversy with respect thereto, by arbitration. (*Matter of Fletcher*, 237 N. Y. 440.)

Having found that the conciliation resulted in the settlement of the case, there is no question but that the procedure of the moving party is correct, and that the court may direct the entry of judgment for the amount of the settlement agreed upon. (*Lee* v. *Rudd*, 120 Misc. 407.)

Accordingly, judgment is hereby directed to be entered in favor of the plaintiff for the sum of fifty-five dollars, with interest from the 23d day of October, 1934.