## DOUZEFF v. SONEFF.

1. GARNISHMENT—DEFAULT JUDGMENT ON NONRESIDENT DEFENDANT
—SERVICE OF WRIT OF GARNISHMENT—JURISDICTION—JUDGMENT.

   Exhibit introduced in garnishment proceeding by creditor of
   principal defendant against administrator of an estate of
   which the principal defendant was an heir, whereby the prin-
   cipal defendant, a resident of Bulgaria, transferred his interest
   in the estate to plaintiff, his brother-in-law, in return for sums
   paid by plaintiff to the principal defendant, justified circuit
   court taking jurisdiction and awarding judgment against the
   principal defendant, notwithstanding no writ or affidavit of
   garnishment had been served on principal defendant although
   a copy of the summons and attached declaration had been
   forwarded by registered mail and return receipt indicated he
   received same and thereafter judgment against him was taken
   by default (CL 1948, § 628.29).

2. JUDGMENT—SETTING ASIDE CONSENT JUDGMENT.

   A judgment by consent cannot ordinarily be set aside or vacated
   by the court without the consent of the parties thereto, since
   it is not the judgment of the court but the judgment of the
   parties.

3. SAME—CONSENT—ORAL AGREEMENT.

   An oral agreement outside of court is sufficient to authorize entry
   of judgment by consent, where necessary to prevent injustice.

4. GARNISHMENT—CONSENT JUDGMENT—EXTENT OF JURISDICTION.

   The jurisdiction of the circuit court to award a judgment in
   garnishment by consent of the principal defendant is limited
   by the amount to which such principal defendant consented
   and the amount in the hands of the garnishee defendant.

REFERENCES FOR POINTS IN HEADNOTES

[2] 31 Am Jur, Judgments, §§ 714, 715.1.
[2] Power to open or modify "consent" judgment.  139 ALR 421.
[4] 5 Am Jur, Attachment and Garnishment, § 955.

5. SAME—EXTENT OF JUDGMENT BY CONSENT.

A judgment to the extent that it is valid by consent of the principal defendant may not be objected to by garnishee defendant whose disclosure showed he held such an amount and that it was owing to the principal defendant.

6. COSTS—GARNISHMENT—FIDUCIARY.

No costs are allowed plaintiff against garnishee defendant, administrator of an estate of which principal defendant was an heir, where the judgment exhausts the funds of the principal defendant in the administrator's hands.

Appeal from Jackson; Simpson (John), J. Submitted October 4, 1950. (Docket No. 28, Calendar No. 44,883.) Decided May 14, 1951.

Assumpsit by Louie Douzeff against George Soneff with garnishment against John J. Gallagher, administrator of the estate of Christ Soneff, deceased. Judgment for plaintiff against both defendants. Garnishee defendant appeals. Affirmed.

*Haskell L. Nichols,* for plaintiff.

*John J. Gallagher, in pro. per.*

REID, C. J. This is an action in assumpsit brought against a nonresident principal defendant, under CL 1948, § 628.29 (Stat Ann § 27.1883), substituted service being claimed to have been had on principal defendant and personal service on the garnishee defendant. From a judgment for plaintiff, the garnishee defendant appeals.

The estate of Christ Soneff, deceased, is a matter pending in the probate court for Jackson county. The administration proceeded to a point where the final account was allowed and distribution ordered. The net amount assignable to George Soneff, the principal defendant, a brother and one of the heirs of deceased, was determined at $1,138.62 and the order

allowing the administrator's final account assigned that amount to the principal defendant, George Soneff, who is also a brother of the wife of plaintiff.

On request of principal defendant, a resident of Bulgaria, plaintiff sent him in Bulgaria various sums of cash, a check and goods at various dates between September 1, 1948 and October 1, 1949, totaling $1,251.06, chargeable in plaintiff's favor against principal defendant and his interest in the estate, under letter of principal defendant Soneff of June 15, 1949. The probate court refused (apparently as having no authority to recognize an assignment) to recognize the rights of plaintiff under exhibit No 4, hereinafter quoted.

The instant suit was begun on December 13, 1949, to require the administrator garnishee defendant to pay the moneys representing principal defendant's share in the estate, over to plaintiff. On December 13, 1949, summons was issued, affidavit for writ of garnishment was filed, and writ of garnishment was issued. Declaration was filed December 17, 1949, containing common counts in assumpsit and a statement among other things that garnishment of $1,-138.62 as due from the estate of Christ Soneff was sought and that payment of such sum had been advanced by plaintiff to principal defendant and payments to an amount exceeding principal defendant's interest in the estate had been made.

The declaration stated generally that the plaintiff had sent money and merchandise to the principal defendant at said defendant's request, and stated further that on September 20, 1948, the plaintiff received a power of attorney from the principal defendant and that the garnishee defendant had not honored the power of attorney. The declaration also counted on the common counts. A bill of particulars was attached to the declaration.

Plaintiff made affidavit (filed February 21, 1950) that on December 15, 1949, he mailed a copy of the summons, to which was attached a copy of the declaration, to defendant by registered mail with return receipt requested, to deliver to addressee only and that plaintiff received the attached card signed by his "brother" George Soneff (principal defendant) and that the signature on the card is the signature of principal defendant. No writ or affidavit of garnishment was served on principal defendant.

Exhibit No 4 received in evidence on the trial, is as follows:

"STATE OF MICHIGAN
"THE PROBATE COURT FOR THE
"COUNTY OF JACKSON

"In the Matter of the Estate of
CHRIST SONEFF, Deceased.

"I hereby acknowledge receipt of all claims due me from the above estate, the same having been paid me by Louie Douzeff, of Jackson, Michigan, and I hereby authorize John J. Gallagher, administrator of said estate and/or Clarence M. Russell, judge of probate of said county of Jackson, to pay any and all sums due me under said estate to said Louie Douzeff.

"This is a receipt in full of all claims and an authorization to show that same has been fully satisfied, and I am not entitled to any further sums from said estate, but that Louie Douzeff having paid me is entitled to any sums due me.

"Dated: 31 Dec. 1949.

                                        "GEORGE SONEFF
."Notary Acknowledgment."

The garnishee defendant's disclosure filed January 12, 1950, is in part as follows:

"2. Garnishee defendant further shows that he, as administrator of said estate, has in his possession

the sum of $1,138.62, which the probate court in said estate has assigned to George Soneff, and garnishee defendant further shows that he has not been discharged as said administrator.

"3. Garnishee defendant further shows that he is ready, able and willing to pay said sum to either Louie Douzeff or George Soneff as the court in this action may direct, less the fees and expenses in this cause and less any fees and expenses that may accrue to the garnishee defendant in the Christ Soneff estate."

Default of principal defendant for want of appearance and answer was entered by plaintiff, February 21, 1950, and testimony on the part of plaintiff was taken on that day. Plaintiff's attorney offered exhibit No 4 in evidence and offered to file exhibit No 4 in the file in the instant case. Judgment for plaintiff was entered against the defendant for $1,251.06 the same day, February 21, 1950.

Plaintiff petitioned the court on March 14, 1950 for an order for the garnishee defendant to show cause why judgment should not be rendered against him, the administrator, the garnishee defendant.

Garnishee defendant in answering said petition claimed among other things that service on the principal defendant was incomplete and that the court had not acquired jurisdiction over principal defendant for want of service on principal defendant of writ of garnishment and denied the validity of service on principal defendant of copy of summons and declaration.

Garnishee defendant further claims that at a hearing in probate court, N. L. Smokler, attorney on behalf of Peoples Republic of Bulgaria, as attorney-in-fact for George Soneff, principal defendant, made claim to the fund in question and has advised garnishee defendant that he, Smokler, claims the judgment for plaintiff is a nullity.

It appears that on January 16, 1950, plaintiff's attorney wrote Mr. Smokler (who appeared in probate court for Peoples Republic of Bulgaria) as follows:

"Jan. 16, 1950.

"Mr. N. L. Smokler,
"3220 Barlum Tower,
"Detroit, 26, Mich.
*"Dear Mr. Smokler:*

"Re: Estate of Chris Soneff, Dec'd.

"We have received a receipt from George Soneff, a copy of which I am enclosing herewith, and the original of which will be filed in the probate court in Jackson.

"You will notice that under the terms of the assignment that he acknowledges receipt of all of his money from Mr. Douzeff, and if you will send us a statement that you are no longer interested and that Mr. Louie Douzeff is entitled to this money, we can dispose of it without taking judgment against him.

"If there is any other information you desire, please advise.

"Very truly yours,
"HASKELL L. NICHOLS

"HLN/T
"Enc."

To the above letter, Mr. Nichols has received no reply and no appearance in the circuit court was entered as intervenor on behalf of any person objecting to the judgment (other than garnishee defendant).

The trial court rendered judgment against the garnishee defendant on June 15, 1950, for $1,138.62, from which judgment the garnishee defendant appeals.

It is clear that the principal defendant intended by exhibit No 4 to request the court having such matter in charge to authorize the money in question to be paid by the administrator to plaintiff. It is not to be assumed that the principal defendant, a resident

of Bulgaria, was well informed as to differences of jurisdiction between the circuit court and the probate court. Exhibit No 4 clearly shows that the principal defendant has received payment in full by plaintiff of his share in the estate on an agreement to transfer such share and interest in the estate to plaintiff and exhibit No 4 is in effect a consent that the court by the judgment effectuate such transfer. With such showing the circuit court was justified in taking jurisdiction and awarding judgment for plaintiff against the principal defendant. Such action by the court was necessary in order to prevent injustice.

"A judgment by consent cannot ordinarily be set aside or vacated by the court without the consent of the parties thereto, since it is not the judgment of the court but the judgment of the parties." *In re Estate of Meredith* (syllabus 7), 275 Mich 278 (104 ALR 348).

An oral agreement outside of court is sufficient consent where necessary to prevent injustice. *Lee* v. *Rudd,* 120 Misc 407 (198 NYS 628), cited in 49 CJS, p 311.

In *Fojtik* v. *Lawson,* 303 Mich 568, 574, certain heirs had not been made parties in the trial court but a stipulation was filed in this Court joining certain heirs as parties and in pursuance of the stipulation a decree was entered made binding on the heirs.

In the instant case, the intent of the principal defendant that the court should dispose of the matter, is clear; that defendant had no legal defense is also clear. Exhibit No 4 was signed and acknowledged before a notary 18 days after a copy of the summons and the declaration had been mailed to defendant, the receipt of which principal defendant acknowledged.

For want of service of notice required by the statute, the circuit court's jurisdiction of the prin-

cipal defendant depended upon the principal defendant's consent, and the judgment could not go beyond the amount of money for defendant Soneff, $1,138.62, in the hands of the administrator nor could any proceedings in this case extend beyond compelling administrator garnishee defendant to pay such moneys over to plaintiff.

The judgment to the amount of $1,138.62 being valid against the principal defendant by his consent, the garnishee defendant may not object to such judgment under the disclosure. The judgment in favor of the plaintiff and against the garnishee defendant, being in the sum of $1,138.62, is affirmed. No costs, because the judgment exhausts the funds of the principal defendant in the administrator's hands.

BOYLES, NORTH, CARR, and SHARPE, JJ., concurred with REID, C. J. DETHMERS, BUTZEL, and BUSHNELL, JJ., concurred in the result.