In the Matter of the Estate of PALMA GARDINER, Deceased.

Surrogate's Court, New York County, October 26, 1953.

*George Dines* and *E. Henry Shappiro* for William Funicello, as administrator of the estate of Frank Funicello, deceased claimant, petitioner.

*Detsky & Hecht* for Jack R. Gardiner, individually and as administrator of the estate of Palma Gardiner, deceased, respondent.

FRANKENTHALER, S. In this " reverse discovery " proceeding under section 206-a of the Surrogate's Court Act the respective attorneys for the claimant and the administrator advised the court on February 20, 1953, that the parties had reached agreement on the terms of settlement of the proceeding and that a written stipulation embracing such terms was to be signed and filed with the court.

Thereafter, the court was informed that the administrator had refused to affix his signature to the stipulation, and the claimant's legal representative, he having since died, instituted the present proceeding to compel the respondent to sign the stipulation and carry out its terms. At a hearing held before the court, the administrator testified that prior to February 20, 1953, he had authorized his attorney to agree to enter into the settlement offered by the claimant, that he had specifically agreed to the terms thereof, but that when the terms thereafter were reduced to writing in the form of the stipulation prepared by the claimant's attorney, the administrator decided he would not be able to comply with the installment payment provisions

thereof and refused to sign. It was proved that certain of the provisions in the stipulation had previously been modified by claimant to conform to the administrator's express request. It also appeared that at the time the settlement was reported to the court on February 20th, the administrator's attorney stated that the administrator's signature to the stipulation would be necessary, but it was not shown nor urged by the attorney that such signature was a material condition to the settlement.

Rule 4 of the Rules of Civil Practice provides that " An agreement between parties or their attorneys relating to any matter in an action or a proceeding shall not be binding unless in writing subscribed by the party, or by his attorney or counsel, or reduced by consent to the form of an order and entered. This rule shall not apply to oral stipulations between counsel made in open court."

It is clear that the informal report which the attorneys made to the court on February 20th did not take on the character of " oral stipulations between counsel * * * in open court " referred to by rule 4.

The purpose of this rule is to relieve courts from constant determinations of controverted questions of fact arising as a result of oral stipulations (*Mutual Life Ins. Co.* v. *O'Donnell,* 146 N. Y. 275), and the failure to reduce a stipulation between the parties to writing has sometimes been held fatal to its enforcement (*Bruder* v. *Schwartz,* 260 App. Div. 1048; *Stern Corp.* v. *Edelstone,* 264 App. Div. 865). On the other hand, it has been held that an agreement to settle is not within the purpose of the rule and does not have to be in writing because it does not apply to " any matter in an action or a proceeding ". (*Smith* v. *Bach,* 82 App. Div. 608; *Lee* v. *Rudd,* 120 Misc. 407; *Gass* v. *Arons,* 131 Misc. 502.) The courts favor agreements to settle disputes and end litigation and have avoided a rigid application of rule 4 where to do so would tend to defeat its manifest purpose (*Smith* v. *Bach, supra*). Thus the courts have enforced reasonable oral stipulations where to do so appeared to effect substantial justice between the parties, either on the ground that " the court will not permit a party to be misled, deceived or defrauded because he has acted upon an oral stipulation made by the opposite party " (*Zwecker* v. *Levine,* 135 App. Div. 432, 434, citing *Mutual Life Ins. Co.* v. *O'Donnell,* 146 N. Y. 275; *Lee* v. *Rudd,* 120 Misc. 407, 409; *Schwartz* v. *Leasehold Corp. of N. Y.,* 181 Misc. 666), or that a party has estopped himself from invoking the aforesaid rule to prevent

enforcement of the stipulation (*Connell* v. *Stalker,* 21 Misc. 609; *Davis* v. *Davis,* 64 N. Y. S. 2d 382).

Here the facts concerning the settlement agreement are not disputed. The administrator admitted that he had agreed to the settlement as reported to the court and that only when the terms were later reduced to the form of the written stipulation did he conclude that he would be unable to make the payments provided for therein and that he would not sign the agreement. As the claimant has died since the date the settlement was reported to the court, his claim would be seriously prejudiced if the settlement were not enforced. Accordingly, the court holds that the agreement is binding and will be enforced in accordance with its material provisions as set forth in the stipulation prepared by the claimant (*Gass* v. *Arons, supra; Lee* v. *Rudd, supra; Lloyd* v. *R. S. M. Corp.,* 225 App. Div. 85; *Storman* v. *City of New York,* 120 N. Y. S. 2d 569; *Davis* v. *Davis, supra*).

Submit order on notice confirming stipulation of settlement.