**Mary Waggener Jones, Appellee, v. Henry Anderson Jones, Appellant.**

**Gen. No. 46,777.**

First District, Third Division.

March 20, 1957.

Released for publication April 24, 1957.

Moore, Ming & Leighton, of Chicago, for appellant; George N. Leighton, of Chicago, of counsel.

Westbrooks, Holman & E. F. Johnson, of Chicago, for appellee; Claude W. B. Holman, Evelyn F. Johnson, and Russell R. DeBow, of Chicago, of counsel.

JUDGE KILEY delivered the opinion of the court.

This is a divorce proceeding with decree for the plaintiff on grounds of drunkenness and cruelty. The notice of appeal states that defendant appeals from an order of a chancellor, who had heard testimony, transferring the cause to the assignment judge for reassignment, and from the decree subsequently entered by another chancellor.

The parties were married in April, 1927, and had three children, none of whom were minors at the time of the trial. Suit was begun June 12, 1954, came on for trial January 14, 1955, and a hearing was had. On March 23, 1955, the chancellor ordered the cause transferred to the assignment judge. May 2, 1955, after reassignment, the case was heard by a different chancellor, and subsequently the decree was entered grant-

ing the divorce and referring to a master the question of property rights.

■ The issues on appeal are whether the defendant was prejudiced by rulings on the use of leading and suggestive questions, and whether the decree is supported by the evidence. The order of transfer was not appealable, but the appeal from the decree enables defendant to complain that the chancellor abused his discretion in transferring the cause for reassignment.

The transfer order was upon motion of plaintiff. Defendant answered the motion and in support of the answer attached a report of the proceedings of January 14, 1955. The report contained testimony of a property agreement of the parties to be reduced to writing and submitted with a form of decree for approval of the chancellor. It also contained testimony by plaintiff and two children of the marriage to acts of cruelty by defendant. There was virtually no cross-examination and no counter testimony was offered. The agreement and form of decree were not submitted for the chancellor's approval and on March 23 he entered the order setting aside "all proceedings" and transferring the cause for placement on the contested trial calendar.

Defendant contends the transfer order was "irregular," "basically unfair" and deprived defendant of the benefit of an agreement "solemnly entered into in open court and testified to under oath." There is no merit in the contention.

■ The cases cited by defendant are not authority for reversing the instant divorce decree and directing the chancellor to compel plaintiff to comply with the agreement testified to January 14th, 1955. The Illinois cases cited merely applied the rule that courts favor settlement of litigation. None of them was divorce. The New York cases cited are not divorce cases, though one involved separation. In each the agree-

200

ment was found by the court to be fair, and the rules announced implied that unfair agreements and agreements not doing substantial justice should not be enforced. (Achtel v. Lieberman, 141 N.Y.S.2d 750; In re Gardiner's Estate, 204 Misc. 884, 126 N.Y.S.2d 121.) The chancellor in the instant divorce proceeding was charged with protecting the parties in the state's interest and he was clearly bound not to enforce a decree which for good cause ought not to be enforced. Also, he was in complete control of the proceedings at the time of the reassignment with power to alter, change or disregard. (Moore v. Shook, 276 Ill. 47, 52.) Finally, we presume, in the absence of a transcript of what transpired when the transfer order was entered and of a contrary showing, that the chancellor had good reason for doing what he did, and we hold there was no abuse of discretion.

After the transfer of the cause on May 2, 1955, defendant filed an amended answer to the complaint raising issues upon plaintiff's charges and alleging condonation, which plaintiff denied. The decree found plaintiff had been a good wife and that defendant was guilty of habitual drunkenness and of extreme and repeated cruelty.

Defendant argues that the evidence does not establish extreme and repeated cruelty. The chancellor asked whether there were any defense witnesses. None were offered. The decree finds defendant guilty of acts of cruelty July 10, 1948, April 17, 1954, and May 28, 1954. Even if the first act was condoned, the subsequent acts would revive the first, and in any event the latter two, if sufficiently serious, would suffice. We think the record justifies the findings and decree on grounds of cruelty.

We think the evidence is insufficient to support the charges of drunkenness, but the findings and evidence with respect to cruelty justify the decree. We need not

201

consider contentions of error in rulings on objections to leading and suggestive questions since these questions referred to the charge of drunkenness.

Affirmed.

FEINBERG, P. J., concurs.

LEWE, J., took no part.