Martha K. Zelman, J.
This is a motion made by the plaintiff to enforce a stipulation entered into on or about March 7, 1975 by the attorneys for both parties. The attorney for the defendant is the escrow agent under the terms of the stipulation, and has refused to comply with same, namely to turn over the funds and the lighting fixtures.
The plaintiff is an interior decorator and entered into a contract with the defendant to decorate his home and to supply him with furnishings and decorations during 1974. The defendant paid $4,600 on account, the balance was to be paid either through progress payments or on completion of the contract. It is alleged by plaintiff that during the fall of 1974, all the furnishings were delivered, the job was completed and *388 the balance was demanded by the plaintiff on the contract price. During December, 1974 defendant and an attorney representing the plaintiff negotiated a payment scheduled for the balance. An action was commenced by serving a summons and endorsed complaint in the amount of $4,939.46. After many conversations between February 13, 1975 and the first week in March the attorneys for both plaintiff and defendant worked out a settlement which was reduced to a writing in a form of stipulation. It was agreed that four items were to be completed by the plaintiff within the stipulation and the defendant’s attorney was to be the escrow agent and to have deposited with him the sum of $3,858.64 together with certain lighting fixtures which plaintiff would take back and have credited to the settlement in order to reach the settlement figure of $3,858.64. In the stipulation, Paragraph 3 provided plaintiff was to try to correct certain other items defendant was complaining about. Item 3 states "as to the following items, recently brought to the attention of the attorney for the plaintiff and the plaintiff, plaintiff will use his best efforts to correct the complaints made by the defendant with regard thereof. (Emphasis on efforts.) These items, whether corrected or not, will have no bearing on the escrow agreement herein.
"A. Try to correct illuminated cylinders of bedroom and tables.
"B. Try to correct track lighting in living room.
"C. Try to repair open seams in the material and repair frame of sofa.
"D. Try to realign Armoire in the bedroom.”
Item 4 of the stipulation states "that on completion of the work a check for $3,858.64 together with the lighting fixtures are to be immediately paid over to the attorney for the defendant to the order of the plaintiff or his attorney.”
The statute governing stipulations is CPLR 2104 which states, "An agreement between parties or their attorneys relating to any matter in an action, other than one made (between counsel in open court) is not binding upon a party unless it is in writing subscribed by him or his attorney or reduced to the form of an order and entered.”
The courts favor agreements to settle disputes and litigation. (Matter of Gardiner, 204 Misc 884.) See Schlanger v Schlanger (129 NYS2d 760), wherein the court held, "Where a stipulation was entered into in open court in the presence of *389 the parties and their counsel, it partook of the nature of a contract and could be set aside on no less grounds than a contract, with the result that a showing of good cause such as fraud, collusion, mistake, accident or some other grounds of similar nature was required.”
In the present action before the court, this stipulation is in writing and subscribed by the parties’ attorneys. While it is urged that this stipulation was entered into between the attorneys for both parties, with the knowledge of both parties, it is not a stipulation entered into in open court (emphasis supplied) and cannot be treated with the same manner as one entered into between counsel in front of the Judge in open court or in chambers. The court views the motion to enforce the stipulation to be in the nature of one for summary judgment. The court is reluctant in the instant case to enforce this stipulation since there are triable issues of fact involved.
To bring a motion to enforce the stipulation is to ask a Civil Court Judge to grant specific performance. The Civil Court only has equitable jurisdiction involving matters pertaining to real property involved or situated within the county in the City of New York in which the action is brought. See section 203 of the New York City Civil Court Act. Therefore, to grant specific performance in this case would be to exceed the jurisdiction of the Civil Court. The court is of the opinion that the language within the stipulation is vague, specifically the phrase in paragraph 3 which uses the term "plaintiff will use his best efforts” (emphasis added).
This court is not troubled with the fact that the stipulation was not made in open court nor signed by the parties per se. It is the ambiguous and vague language used which makes a trial necessary.
The motion to enforce the stipulation is denied.